## MORSE vs. BOGERT.

To prove a cause of action for money lent, a witness testified that he asked the defendant if he had had any money of the plaintiff; that the defendant said he had had twenty dollars of him; upon which the witness remarked that the plaintiff had asked him to speak to him, the defendant, about it; to which the defendant made no reply, but turned around and went away; *held* sufficient to submit to the consideration of the jury and to sustain a verdict for the plaintiff.

ERROR to the Yates common pleas. Morse sued Bogert before a justice, and declared for goods sold, money lent, &c. Plea, the general issue. On a trial by jury, the plaintiff called a witness who testified as follows: "In February or March, 1845, Harrison W. Morse asked witness to ask John Bogert, the defendant, for some money he had lent him." The defendant objected to this testimony ; and the plaintiff answered, that it was only preliminary, and he did not claim any thing. from it, unless it was communicated by the witness to the de-

fendant. The objection was thereupon overruled; anc the witness proceeded : " I then went to see John Bogert; I saw him on the platform by his store in Dresden ; *I asked John Bogert if he had had any money of Harrison Morse ; he said he had had twenty dollars of him.* I told him that Harrison Morse told me to speak to him about it. Mr. Bogert made no reply; but turned around, and walked into the store. I went across the road to the tavern. I think I have told you all that occurred on the occasion." This was all the testimony in the cause. The defendant moved for a nonsuit, which was denied; and the jury found a verdict for the plaintiff for twenty dollars, on which the justice rendered judgment. On *certiorari* the common pleas reversed the judgment; and the plaintiff brings error.

*B. W. Franklin,* for the plaintiff in error.

*E. Van Buren,* for the defendant in error.

*By the Court,* BRONSON, Ch. J. What the plaintiff said to the witness was not communicated to the defendant, and must therefore be laid out of view. The proof then stands thus : the witness went to the defendant's store, and asked him if he had had any money of the plaintiff. The defendant said he had had twenty dollars of him. Upon this proof, without any thing more, the fair and reasonable inference is, that the defendant received the money because it was due to him ; and not by way of a loan. When one man delivers a sum of money to another, if there be nothing else to explain the transaction, the legal presumption always is, that the money belonged to the one who received it; and not that he thereby became a debtor to the other. (*Welch* v. *Seaborn,* 1 *Stark. R.* 474.) But the plaintiff thinks his case is helped by what followed. After the defendant said, he had had twenty dollars, the witness said to him, the plaintiff told me to speak to you about it. The defendant made no reply ; but turned around and went into the store. I feel some difficulty in saying that this made out a *prima*

*facie* case for the plaintiff. If the money was received, because it was due to the defendant, he would understand from what the witness said, that the plaintiff wished to obtain evidence of the payment; and as that admission had already been made, there was no occasion for a reply. Nothing was said about a loan; and the facts proved are about as consistent with the supposition that the defendant received the money as a creditor, as that he received it as a debtor. The plaintiff holds the affirmative; and must show that it was a loan. It is not enough for him to make out a balanced case, and then leave it to a jury to guess at the truth. Although my brethren agree in this rule, they think that the scales were turned in favor of the plaintiff—that the act of the defendant in turning away without a reply, when he was told that the witness had been directed to speak to him about the money, furnishes some evidence that he received the money as a loan; and so made out a proper case for the consideration of the jury. On reflection, I shall not dissent from that view of the case. If there was enough to carry the cause to the jury, their decision was final. The judgment of the common pleas must therefore be reversed, and that of the justice affirmed.

Ordered accordingly.