## SAYLES vs. OLMSTEAD.

Where one pays money to another, in the absence of any explanation as to the cause of the payment, the presumption is that it was paid because it was due, and not by way of a loan.

The plaintiff testified, "The defendant requested me to send him $18. I sent it, and he has not paid me the same, or any part of it." There was no testimony tending to show the purpose or consideration of the remittance. *Held* that the testimony did not furnish legal evidence that the money was advanced as a loan.

APPEAL by the defendant, from a judgment of the county court of Oneida, affirming a judgment for the plaintiff, rendered by a justice of the peace. The facts appear in the opinion.

*Cromwell & Conlan*, for the appellant.

*Barnett & Sayles*, for the respondent.

*By the Court*, TALCOTT, J. This was an action for money lent. The plaintiff is a lawyer residing at Lee Centre, and the defendant a merchant, residing at Camden. The only testimony was that given by the parties themselves, each being examined as a witness in his own behalf. The testimony of the plaintiff was as follows : "I know the defendant; on or about the 25th of April, 1868, the defendant requested me to send him $18; I sent it, and he has not paid me the same or any part of it." The plaintiff did not produce the letter calling for the remittance, or give any further account of it or its contents. The testimony of the defendant only tended to throw doubt upon the question as to whether he had received any money from the plaintiff, and no evidence tended in any way to explain the purpose or consideration for or upon which the remittance was requested or made. There is no principle better settled than that where one pays money to another, in the absence of any explanation as to the cause of the payment, the presumption is that it was paid because it was due, and not by way of a loan.

Sayles v. Olmstead.

The plaintiff proved nothing more than he would have proved by the production of a draft drawn by the defendant on him, and proving that he (the plaintiff) had paid the draft. On such evidence he could not recover, against the drawer of the draft. *Prima facie* the acceptor and payer of a draft is the party primarily liable. It is presumptively drawn against funds in the hands of the drawee.

In the case of *Morse* v. *Bogert*, (4 *Denio*, 108; *S. C.*, 1 *Comst.* 377,) the evidence was, by a witness' testimony, that at the request of the plaintiff he asked the defendant if he had had any money of the plaintiff; to which the defendant responded that he had had $20 of the plaintiff. The witness then told the defendant that Morse had told the witness to speak to him (the defendant) about it; to this the defendant made no reply, but turned and walked away. On this evidence a verdict for the plaintiff was sustained, solely on the ground that the act of the defendant in turning away without reply when told that the witness had been requested by Morse to speak to the defendant about it, furnished some evidence that the money had been furnished as a loan. The verdict in that case was barely sustained. This case is destitute of any circumstance which can warrant the inference that the money was advanced as a loan, unless the mere fact of the payment of money by one party at the request of another is to be considered as furnishing legal evidence that the money was advanced as a loan.

This cannot be held, without overturning well-sustained rules.

The judgment of the county court, and that of the justice, are reversed. (*a*)

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]

(*a*) The presumption of law is, that money, when paid, is paid in liquidation of an antecedent debt. (*Welch et al.* v. *Seaborn*, 1 *Starkie*, 474, *per*

*Ellenborough, Ch. J.*) Hence, a loan of money by A. to B. is not to be inferred from the bare fact that A. delivered a sum of money to B., which A. had borrowed from another. (*Id.*) It is not evidence, of itself, to establish a loan of money by the plaintiff to the defendant, to prove that the latter received cash for a draft or check drawn by the plaintiff on his bankers and payable to him by name, out of money of the plaintiff's then in the bank. (*Carey* v. *Gerrish,* 4 *Esp.* 9.) In *Aubert* v. *Walsh et al.,* (4 *Taunt.* 293,) a set-off was pleaded; and to support it, various checks, given by the defendants to the plaintiff, and paid by the bankers to him, were proved. There had been many transactions between the parties, to a considerable amount. On the part of the plaintiff it was objected that the checks were not sufficient evidence of the set-off, without proof of the circumstances under which they were given. The verdict was for the plaintiff, disallowing the set-off, and a rule *nisi* for a new trial, was discharged, *Chambre, J.,* observing, on the point as to the checks : "All our accounts would be in inextricable confusion if such evidence were allowed."

In *Boswell* v. *Smith et al.* (6 *Car. & P.* 60,) A. had a claim on B., C. & D. Several months afterwards, B. signed a check for a larger sum, in the name of himself and C. & D. as his partners, which was proved to have passed through the hands of A. and to have been appropriated by him to his own purposes. A. died. *Held,* in an action by his executors, against the three partners, for the original claim, that the check, *prima facie,* was evidence of payment ; but there being other circumstances from which a loan of its amount might be *inferred,* it was left to the jury to say whether it was a loan by B. alone, or by the partnership, although no memorandum or acknowledgment of any kind was produced by which the executors could ascertain whether it was a loan. See also, *Patton* v. *Ash,* 7 *Serg. & R.* 116, 125 ; *Bolton* v. *Cope, Peake's Cas.* 30 ; *Gow's Rep.* 13, 16.