THE PEOPLE, for use of John Dolan,

*v.*

HENRY S. HERR *et al.*

81    125
96a  ²632

1. JUSTICE'S BOND—*remains in force only five years after office expires.* Under the law in force in 1866, the official bond of a justice of the peace ceases to have any force after five years from the expiration of the justice's term of office, and no action can be maintained on it after that time.

2. SAME—*statute not one of limitation.* The statute making bonds of justices of the peace inoperative and void after a certain time, while in the nature of a statute of limitations, is not such, and the defense may be availed of without being specially pleaded.

3. STATUTE—*repeal—saving rights.* The repeal of a statute, when it is declared that it shall not be construed to affect any right or remedy existing at the time the repealing act takes effect, will have no effect upon a prior cause of action.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. B. D. LUCAS, for the plaintiffs in error.

Messrs. KARR & KARR, and Messrs. ROWELL & HAMILTON, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought upon an official bond of a justice of the peace, against the justice and his sureties, to recover money collected by the justice in his official capacity, which he had neglected and failed to pay over as required by law.

It is averred in the declaration, that the bond was executed on the 5th day of April, 1866, and was, within twenty days after the election of Henry S. Herr as justice, approved, and became the official bond of the justice. It is also averred, that the money, to recover which this action was brought, was collected by the justice on a judgment which he had previously rendered, on the 21st day of December, 1867.

To the declaration the defendants interposed a general demurrer, which the court sustained. This decision is assigned for error, and it is the only question presented by the record for determination.

It will be observed that, under the statute, the office of the justice expired in April, 1870, he having been elected for four years. Section 138, of chapter 59, in relation to Justices and Constables, in force at the time this bond was executed, provides that all bonds given by justices of the peace and constables shall remain in force five years after the expiration of their respective terms of office. This action was not, however, brought until the 22d day of July, 1875, more than five years after the term of office for which the justice had been elected, as appeared upon the face of the declaration itself.

It is apparent that an action could not be maintained against the justice of the peace, and his sureties on the official bond of the justice, for the reason that the law which provided for its creation, and under which it was executed, has provided, in terms so plain and obvious as to not admit of discussion, that at the time the action was brought the bond was not in force. If it was not in force, and the law has so declared, it was obligatory on no person, without vitality, and would not support an action.

But it is said by the plaintiffs in error, that the section of the statute referred to is, in effect, a statute of limitation, and it can not be availed of by demurrer, but must be specially pleaded, and in support of this view we have been referred to *Gebhart* v. *Adams*, 23 Ill. 397.

It is true, in the case cited, which was an action to recover a penalty for cutting timber, it was held that a demurrer would not lie to the declaration; that in an action on a penal statute, to make the statute of limitations available as a bar, it must be specially pleaded.

We entertain no doubt of the correctness of the rule there announced, but it has no application to the case under consideration. This is an action brought upon a bond which the statute declares not to be in force.

While the act may be said to be in the nature of a statute
of limitations, yet it is not a statute of that character as the
term is ordinarily used and applied. The act does not provide
that no action shall be brought upon the bond after a certain
time, as statutes of limitations usually do, but it in effect de-
clares, that after a certain period the bond shall be void.

The distinction between the case cited and the one under dis-
cussion is so obvious, that further comment does not seem
necessary.

It is, however, claimed, that this action may be maintained
under the last clause of the section of the statute cited *supra*,
which provides that where, by law, a justice shall be authorized
or required to complete any business or perform any duties
growing out of business commenced and in his hands previous
to going out of office, the bond shall apply to such cases until
such business is concluded. The paying over of the money, it
is said, is such business as a justice is authorized or required
by law to perform.

The obvious intent and meaning of the statute was to em-
brace such business as was commenced and unfinished, but it
could have no application to the money sued for in this case.
When the justice collected the money sued for, the law re-
quired and it was his duty to pay it over immediately to the
owner. If he failed, he, together with his sureties, became
liable. When he went out of office, there was nothing unfin-
ished about the business. The business with which he was
entrusted by the plaintiffs in error was to collect a certain
amount of money. This he did, and the business was ended
and finished.

Plaintiffs in error claim that section 138, of chapter 59,
before referred to, was repealed by "An act to provide for the
election of justices of the peace and constables," approved
April 1, 1872. But upon an examination of the repealing sec-
tion, it will be found that the last clause declares: "This sec-
tion shall not be construed to affect any right or remedy
existing at the time this act takes effect." It will be remem-
bered that this money was collected in 1867. The right,

therefore, to collect the money from the justice, and the remedy to enforce that right, had existed from 1867 down to the time the act of 1872 went into force. Such being the case, the act of 1872 did not change or affect either.

The demurrer to the declaration was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*