SARAH E. BROMWELL

v.

ALPHONSE B. SCHUBERT, ADM'R.

*Administration—Claim by Wife against Husband's Estate—Money Loaned—Limitations—Evidence—Judgments.*

1. Evidence going to show that a wife delivered to her husband considerable sums of money, there being no explanation of her reason for doing so, makes a question for the jury, in proceedings instituted by her to recover the same from his estate upon the ground that such transactions represented loans, as to the truth of such assertion.

2. This court will assume a given judgment to have been correct unless the record shows it to have been wrong.

3. No written plea of the statute of limitations is required to make it available as a defense on an appeal from a decision of the Probate Court.

4. In the case presented, this court holds that the claim in question was barred by the statute of limitations, and that it was the duty of the administrator to insist upon it.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mrs. SARAH E. BROMWELL, *pro se.*

Mr. M. P. BRADY, for appellee.

GARY, J.    December 7, 1888, the appellant filed in the Probate Court of Cook County a claim against the estate of her deceased husband, for money loaned to him in 1876, 1877 and 1879.    Being there unsuccessful, she appealed to the Circuit Court, and having put in testimony that in 1877 she handed him $1,500, and again in 1879 $2,000 (having no attorney, her prosecution was very lame), the court instructed the jury that there being no evidence before them tending to prove the plaintiff's right to recover in the suit, it was the duty of the jury to find the issues for the defendant, which they did.

Whether that instruction is error is the question for decision.    The record is silent as to the reason the counsel of the appellee presented (if any) for asking it, or the view the court entertained in giving it.

A majority of the court are of opinion that evidence that a wife delivered to her husband large sums of money, there being no explanation of why she did it, makes a question for a jury whether there was a loan.    Sayles v. Olmstead, 66 Barb. 590; White v. Sheldon, 4 Nev. 280; Summervail v. Gillers, 31 Wis. 152; Ward v. Ward, 36 Ark. 586; Swain v. Ettling, 32 Pa. St. 486.    That is, that while the mere delivery of money, where there are no other than business relations between the parties, does not tend to prove a loan, yet from other relations a jury may infer the character of the transaction.

If, therefore, the only question were whether there was any evidence of a loan, a majority of the court are of opinion that the case should have been left to the jury.    But another majority of the court are of opinion that as upon the facts stated, the plaintiff's claim was barred by the statute of limitations, and as the judgment below must be presumed to be

right, unless the record shows it to be wrong, the judgment must be affirmed.

The case being on appeal from the Probate Court required no written plea of the statute to make it available as a defense. Thorp v. Goewey, 85 Ill. 611. It was the duty of the appellee to insist upon it. Langworthy v. Baker, 23 Ill. 484.

By the appellant's own case a clear defense was shown, and for aught the record shows, it was for that reason that the appellee asked the court to instruct the jury that she had no case; and for that reason that the court did so instruct.

As the majority of the court concur in holding that the judgment is right because of the statute of limitations, if the appellant can have any relief she must seek it in the Supreme Court.

*Judgment affirmed.*