## SARAH E. BROMWELL

*v.*

## THE ESTATE OF HENRY H. BROMWELL, deceased.

*Filed at Ottawa November 24, 1891.*

1. PAYMENT OF MONEY—*presumption as to cause.* Where one pays money to another and there is no explanation of the cause of payment, the ordinary presumption is that the money was paid because it was due and owing, and not by way of a loan. This is undoubtedly the rule when only business relations exist between the parties, but when other relations exist a different presumption may arise.

2. SAME—*to wife or to child—presumption.* Where a husband hands money to his wife, or a father to his child still dependent upon him the presumption naturally arising is, that the act is in performance of the legal obligation resting upon the husband or father to maintain and support the wife or child, or in obedience to the affection naturally growing out of the relation, and in such cases the transaction is *prima facie* a gift, and not a payment or loan.

3. SAME—*by wife to husband—presumption.* While the statute vests a married woman with most of the legal capacities of a *feme sole*, it does not so far abrogate the marital relations as to lay a foundation for a presumption that the mere handing over of a sum of money by a wife to her husband is a loan, thus creating between them the relation of debtor and creditor.

4. A wife filed her claim against her husband's estate for moneys alleged to have been loaned to him, and the only evidence in support of the claim was that of a witness that, some eight or nine years before, he saw the wife hand to her husband two different sums of money, amounting to $3500. There was no proof as to whom the money belonged, or as to the circumstances or occasion of her handing it to him : *Held,* no error to instruct the jury that there was no evidence tending to prove the wife's right to recover.

5. LIMITATION—*plea of, in probate court.* No formal pleadings being required in the probate court, the Statute of Limitations will constitute a defense to a claim against an estate without being specially pleaded, in the absence of evidence tending to take the case out of the statute, or to bring the case within any of the exceptions therein contained.

6. BILL OF EXCEPTIONS — *decision on motion for continuance — how preserved for review.* In order to bring up the decision of the court on a motion for a continuance for review on appeal or error, the motion, the grounds upon which it is based, the decision of the court thereon,

and the exception to such decision, must be made to appear by bill of exceptions. The entries on the record by the clerk in relation to such a motion do not preserve the same in the record.

7. PRACTICE IN SUPREME COURT—*evidence not preserved by bill of exceptions.* Where the bill of exceptions contains no evidence of certain entries in a book as to the receipt or loan of money, their sufficiency to establish a right of recovery can not be considered by this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Mrs. SARAH E. BROMWELL, *pro se.*

Mr. MATHEW BRADY, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

On the 7th day of December, 1888, Sarah E. Bromwell filed a claim against the estate of Henry H. Bromwell, her deceased husband, in the Probate Court of Cook county, for money loaned by her to her husband in his lifetime, to-wit: July 1, 1876, $3500; September 15, 1877, $1500; and March 16, 1879, $2000. Said claim being heard by the Probate Court, was disallowed, and the plaintiff thereupon removed said cause by appeal to the Circuit Court, where a trial was had *de novo* before the court and a jury. At that trial the court, at the close of the evidence, instructed the jury that there was no evidence before them tending to prove the plaintiff's right to recover, and directing them to find the issues for the defendant. A verdict having been returned in obedience to said instruction, judgment was rendered thereon against the plaintiff for costs, no motion for a new trial, so far as is shown by the bill of exceptions, being interposed. Said judgment was affirmed by the Appellate Court on appeal, and by a further appeal the record is now brought to this court for review.

The plaintiff insists that the Circuit Court erred in refusing to grant her a continuance on account of the absence of material witnesses. On this point it is sufficient to say, that the

bill of exceptions fails to show that any such motion was made, and that being the case, the propriety of the ruling of the court on the motion is not before us for review. It is true an order entered by the clerk in the record proper shows that on the day prior to the one on which the trial was had, a motion by the plaintiff for a continuance was considered and overruled, but the rule is too well settled to admit of discussion, that in order to bring up the decision of the court on such motion for review on appeal, the motion, the grounds upon which it is based, the decision of the court thereon and the exception to such decision must be made to appear by bill of exceptions. None of these matters appear in the bill of exceptions now before us.

The only evidence introduced by the plaintiff in support of her claim is that of one witness who testifies that sometime in 1877, she saw the plaintiff hand to her husband the sum of $1500, and that about the middle of March, 1879, she saw her hand him the further sum of $2000. Nothing is shown as to whom the money belonged beyond what may be inferred from the mere fact that it was in the plaintiff's hands and was by her handed over to her husband, and nothing is shown as to the circumstances or occasion of her handing it to him. It is claimed that this evidence, standing alone and unexplained, was sufficient to establish a loan of said money by her to him, or was at least sufficient to raise a question to be determined by the jury, whether the transactions were in fact loans of money.

Where one pays money to another and there is no explanation of the cause of such payment, the ordinary presumption is that the money was paid because it was due and owing, and not by way of a loan. *Sayles* v. *Olmstead,* 66 Barb. 590; *Somervail* v. *Gillies,* 31 Wis. 152. This is undoubtedly the rule where only business relations exist between the parties. But where other relations exist, there may doubtless be ground for presumptions of a different character. Thus, where a husband hands money to his wife, or a father to a child still

dependent upon him, the presumption naturally arising is, that the act is in performance of the legal obligation resting upon husband or father to maintain or support the wife or child, or in obedience to the affection naturally growing out of the relation, and in such cases the transaction is, prima facie, a gift and not a payment or loan.

What then are the presumptions arising from the mere act of a wife handing over money to her husband? Where the legal rights of husband and wife are as at common law, and the husband is, by virtue of his marital rights, the owner of all his wife's goods and chattels in possession, the presumption is that money in the hands of the wife is already the property of the husband, and her paying or handing it over to him is merely the delivery to him of that of which he is already the owner. How far is this presumption changed by our statute which gives to a married woman the right to acquire, own, enjoy and dispose of property, free from the control of her husband, and which emancipates her from most of the disabilities of coverture? On this question we are inclined to the view that, while the statute vests a married woman with most of the legal capacities of a *feme sole*, it does not so far abrogate the marital relations as to lay a foundation for the presumption that the mere handing over of a sum of money by a wife to her husband is a loan, thus creating between them the relation of debtor and creditor.

But it does not seem necessary for us to decide this question, as there is another entirely tenable ground upon which the judgment must be affirmed. A period of almost ten years elapsed after the last sum of money covered by the plaintiff's claim was paid over by her to her husband and before the filing of her claim in the Probate Court. If these transactions were in fact loans of money, they created an indebtedness which was evidenced by no writing, and which was therefore subject to the limitation of five years. No evidence was offered tending to take the case out of the statute, or to bring it within

any of the exceptions therein contained, and the plaintiff's claim must therefore be held to have been barred by limitation nearly five years before it was filed in the Probate Court. No formal pleadings being required in the Probate Court, the Statute of Limitations applied without being specially pleaded, and under the evidence in the record, there can be no question that it constitutes a complete bar to said claim.

Some effort was made at the trial by the plaintiff to show some memorandum of the transaction entered by the plaintiff's husband at the time in a prayer book belonging to the plaintiff, but as the bill of exceptions contains no evidence as to what those entries were, we can not say that they had any bearing upon the questions at issue, and they must accordingly be disregarded.

There being no error apparent in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*