## No. 11,368.

### MODEL LAND AND IRRIGATION COMPANY *v.* BACA IRRIGATING DITCH COMPANY, ET AL.

Decided April 18, 1927. Rehearing denied January 11, 1928.

Statutory water adjudication proceeding. Decree for defendants.

## *Reversed.*

1. WATER RIGHTS—*Adjudication—Statutes.* Parties claiming the benefits of irrigation adjudication statutes must also accept their limitations.

2. *Adjudication—Limitation Statutes.* Parties to irrigation adjudication proceedings terminating in a decree August 10, 1903, held barred by the four year statute of limitations from claiming water rights for other purposes in 1922, under the original adjudication proceeding.

3. PLEADING—*Limitations—Special Proceedings.* The rule that statutes of limitations must be specially pleaded has no application in proceedings where no formal pleadings are required.

4. *Statute of Limitations.* A statute which not only bars an action, but raises a conclusive presumption of acquiescence and so extinguishes the right, need not be pleaded.

5. LIMITATION OF ACTIONS—*Public Policy—Bar May be Raised by the Court.* In a proceeding to adjudicate priorities of right to use of water for other than irrigation purposes, it is held that the court could raise the bar of the statute of limitations on its own motion under the rule of public policy, in as much as the waters of the natural streams are declared by the Constitution to belong to the public.

131

6. ACTIONS—*Rights of the People—Court Protection.* Where the public is a silent third party to an action, the duty devolves upon the courts to protect its interests.

7. APPELLATE PRACTICE—*Rehearings.* Supreme Court rule 48 concerning rehearings, not enforced where a cause is decided upon a question not raised by the record nor argued by counsel.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Mr. A. W. McHENDRIE, Mr. B. H. SHATTUCK, for plaintiff in error.

Messrs. NORTHCUTT & NORTHCUTT, for defendants in error.

Messrs. ADAMS & GAST, Messrs. DEVINE, PRESTON & STORER, Mr. W. O. PETERSON, Mr. FRED A. SABIN, amici curiae.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

FOR convenience we hereinafter refer to plaintiff in error as plaintiff and defendants in error as defendants. In a general statutory proceeding for the adjudication of priorities of right to the use of water for irrigation, defendants were decreed certain priorities "for stock and household purposes." Plaintiff, claiming this water under its storage appropriation, brings error to review that judgment.

This action was begun under the statutes of 1879 and 1881 (Laws 1879, p. 94 and Laws 1881, p. 142) and first terminated in a decree entered August 10, 1903. Defendants were parties thereto and their priorities of right to water for irrigation were therein adjudicated. Plaintiff,

having begun the construction of its system during the year 1908, came into this proceeding in 1913 to establish its storage priorities. In 1922 defendants came in by filing statements of claim to water for "domestic purposes" alleged to have been diverted and so used ever since the construction of their ditches.

The acts of 1879 and 1881 provided a special proceeding for the adjudication of priorities of right to the use of water *for irrigation only,* although our Constitution gives a first preference to domestic use. Sec. 6, art. XVI. In 1903 the general assembly passed an act providing for the adjudication of priorities of right to the use of water for *other than irrigation purposes.* Chap. 130, L. 1903 p. 297 (Secs. 1756–1759, C. L. 1921). The procedure to be followed is not therein outlined, the only requirement being that it shall be "by petitioning said court in the same manner and by complying with the procedure and the requirements of the law now applicable to the adjudication of water rights for irrigation purposes." Once an irrigation decree is entered in a given district under said acts of 1879 and 1881, all after acquired rights of the same character are adjudicated in a proceeding supplementary thereto. Such was the course followed by plaintiff herein. On the theory that the acts of 1879, 1881, and 1903 should be construed as one, and *all* claims adjudicated in the same proceeding, defendants came into the present action as by law required in the case of irrigation claimants. Plaintiff's first and most important contention is that defendants' domestic rights, if any, must be determined in a separate proceeding. If so, this judgment must be reversed; if not, the same result seems inevitable for the following reason:

If defendants claim the benefits of said irrigation adjudication statutes they must accept also their limitations. Among the latter we find the following:

"Nothing in this act or in any decree rendered under the provisions thereof, shall prevent any person, association or corporation from bringing and maintaining any

suit or action whatsoever *hitherto allowed* in any court having jurisdiction, to determine any claim of priority of right to water, by appropriation thereof, for irrigation *or other purposes,* at any time within four years after the rendering of a final decree under this act in the water district in which such rights may be claimed,   *   *   *.''
L. 1881, p. 159, sec. 34; R. S. 1908, sec. 3313; C. L. 1921, sec. 1784.

''After the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits before then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree.'' L. 1881, p. 160, sec. 35; R. S. 1908, sec. 3314; C. L. 1921, sec. 1785.

Defendants' claims were for ''other purposes.'' If they were ostensibly adjudicated by the decree of August 10, 1903, and because of acquiescence or otherwise that adjudication cannot now be questioned, further litigation thereof is barred by the last quoted section. If not so adjudicated and settled they were barred as to any action ''hitherto allowed'' August 10, 1907, under the provision of said sec. 1784, C. L. 1921. Again, their domestic appropriations, if any, were made prior to July 11, 1903, the date when the act of that year became effective. On that date, if they were authorized by that act to come into this proceeding, their causes of action accrued, said section 1785, C. L. 1921, became operative as to them, and those causes were barred under said sections July 11, 1907.

The general rule that such statutes must be specially pleaded is inapplicable where, as here, formal pleadings are not required. *Bromwell v. Estate of Bromwell (Bromwell v. Schubert),* 139 Ill. 424, 28 N. E. 1057. Moreover, it will be observed that said section 1785, C. L. 1921, is something more than a statute of limita-

tions. It not only bars the action, but raises a conclusive presumption of acquiescence and so extinguishes the right. In such case the statute need not be pleaded. *People v. Herr et al.*, 81 Ill. 125.

The rule of public policy which prevents the running of such statutes against the state (37 C. J. p. 710, sec. 28), or against the public, or a considerable portion of the public (*Davidow et al. v. Griswold et al.*, 23 Cal. App. 188–198, 137 Pac. 619), would clearly appear to warrant the court in raising the bar of its own motion, and that procedure, in a proper case, has been upheld. *Beal v. United Properties Co. et al.*, 46 Cal. App. 287, 189 Pac. 346. If the court may ever so act sua sponte in any case this would seem to be the case.

Not only do the statutes in question dispose of the litigation before us but the effect thereof is by no means limited to the parties hereto. Numerous appropriators from the same stream must have an adverse interest in this litigation. The property involved is not private. It is declared by section 5, art. XVI of our Constitution "to be the property of the public, and the same is dedicated to the use of the people of the state, * * *." The people are therefore a silent third party to every water adjudication, as they are to every divorce proceeding, and the same duty devolves upon the courts to protect their interests.

If defendants are relegated to a separate proceeding to establish their alleged rights to the use of water for other purposes than irrigation, this decision can do them no injury. If they might have come into this irrigation adjudication proceeding, but have slept on their rights for twenty years before so attempting, they have no cause of complaint. If they may now pursue the latter remedy unhampered by restrictions imposed upon irrigation claimants the whole irrigation structure of the state may be upset and inextricable confusion overtake the chief source of her prosperity.

The court having decided this cause on a question not raised by the record, or argued by counsel, the prohibitions of rule 48 have no application to any motions for rehearing that may be filed herein, in so far as they may relate to said question.

The judgment is reversed and the cause remanded for further proceedings in conformity herewith.

Mr. Justice Butler not participating.