No. 12,040.

HARDESTY RESERVOIR, CANAL AND LAND CO., ET AL. *v.* ARKANSAS VALLEY SUGAR BEET AND IRRIGATED LAND CO., ET AL.

Decided May 6, 1929.   Rehearing denied May 27, 1929.

556

Mr. John H. Voorhees, for plaintiffs in error.

Messrs. Hodges, Wilson & Rogers, Mr. Henry C. Vidal, Mr. H. L. Lubers, for defendants in error.

*Department One.*

Mr. Justice Campbell delivered the opinion of the court.

This is a review of a decree of the district court of Bent county rendered February 3, 1927, in a statutory proceeding for adjudicating water rights in water district No. 17, division No. 2, both for direct irrigation and storage. It is the same decree which was considered by us in *Holbrook District v. Ft. Lyon Co.*, 84 Colo. 174, 269 Pac. 574. The opinion in that case should be read in connection with this as some of the questions here presented were there decided. This record shows that there have been several adjudications in this district. The first decree was made in 1897; the second in 1905; the third August 30, 1922, which was thereafter, in a supplemental

proceeding, and on November 13, 1923, seasonably reopened for further amendment and was, as amended, incorporated, or merged, into a decree of February 3, 1927. The decree last mentioned and that of August 30, 1922, are the ones that are the special object of attack by plaintiffs on this review, although the August 30, 1922 decree was, as stated, embodied in that of February 1927, which, except as to the modifications therein mentioned, is the same as the 1922 decree. In the opinion in the Holbrook case this court, speaking by Mr. Justice Adams, at page 180 of the opinion, said that the court there was now "reviewing one case on a record and supplemental record four years apart." It seems that a similar situation confronts us on this review. Our examination of this record satisfies us that the district court was justified under the statute in reopening the decree of August 30, 1922. We are satisfied also that whatever changes were made. by the decree of February 3, 1927, of the 1922 decree, were warranted by the evidence, and that none of the objections or assignments of error in this case are tenable, as we now proceed to show.

1. Plaintiffs here made the same objection that the Holbrook irrigation district did in the case above referred to, that the trial court erred in its order of December 17,, 1923, reopening its previous general decree of August 30, 1922. We said in that case that the Holbrook district which made objections there, itself had previously asked the trial court for the same thing and might not, therefore, complain of the court's action in reopening the 1922 decree at the request of others. Plaintiffs in the action now under review, themselves had also asked the trial court to reopen the same 1922 decree as the Holbrook district did. Therefore, for a similar reason to that we gave in the Holbrook case, plaintiffs may not now complain of the very thing which they, themselves, asked to have done. This disposes of much of the argument and contention of the plaintiffs. Apparently their chief reliance is upon their unwarranted assumption that the 1922 decree was

improperly reopened and, therefore, the decree of February 3, 1927, in so far as it amended or corrected the former decree, is wrong.

2. Plaintiffs, however, further, say that even if they are now estopped, and for the reasons stated, to question the reopening of the 1922 decree, the trial court upon the hearing, following the reopening, improperly fixed in the 1927 decree the dates of priorities both of plaintiffs' and defendants' reservoirs, so that they antedated the last date of priorities decreed in earlier proceedings of the same court in the same district, including the decree of August 30, 1922.

We pause here to observe that it is unusual for one appropriator, as here, voluntarily to relinquish a decreed priority on the ground that it was wrongfully awarded, and at the same time to sue other appropriators under the same decree, to whom at the same time similar improper awards were made, but which do not injure the former, to compel the latter over their objection to abandon their priority. This observation is pertinent in connection with other contentions made in the briefs, and which tend to sustain the assertion of defendants, that the present attempt of plaintiffs is not in their own interests as appropriators in the same water district, but in the interests of appropriators or owners of priorities in some other district who were not and cannot be made parties to this suit. An additional reason for this observation is the fact that the 1927 decree, which awarded these priorities, explicitly states that no decree thereby made is to be taken to be in conflict or superior to any other decree or decrees theretofore made in that district. If plaintiffs desired to rid themselves of these decreed priorities, which they say were not justified, they could have accomplished their object without resort to this expensive litigation, and left appropriators, outside the district, to protect themselves. If appropriators, not within this water district No. 17, or the water division No. 2, have a grievance, they cannot urge it here under the disguise,

and through the instrumentality, of plaintiffs, who are appropriators within the district, and who are in no wise injured by the decreed priorities of the defendants.

First, we say that the 1922 decree was reopened for such changes, if any, as the parties petitioning for the reopening might by evidence show should be legally made, and in so far as there is any inconsistency between the 1922 decree and that of 1927, assuming that both are valid decrees, the latter prevails as the final decree in the matter. But if plaintiffs intend to assert that, if the reservoir priorities in the 1927 decree antedate the priorities in the district awarded in decrees pronounced earlier . than 1922, and they have been injured by the same, they are in a position to complain, and, if their complaint is good, they may be entitled to relief. The record, however, discloses that some of the objections plaintiffs now make are not available to them, and other objections are without foundation. Assuming, as they do—and it is the law of this jurisdiction—that in distributing water to appropriators, all adjudicating proceedings in a given water district are to be taken as connected, and must be considered in their entirety, and that after the first proceeding each supplemental one is inferior as to priorities to the next preceding one, and that no priority in any supplemental adjudication may be given a number or a date earlier than the last numbered priority and date of the lowest or last priority in the next preceding adjudication, let us examine the contention of plaintiffs on this assignment.

If the district court in its 1927 revised decree refused to conform to this requirement as to dates and numbering of the priorities awarded, an appropriator in the same district who has been injured by it may be given appropriate relief. But plaintiffs, at least some of them, . are not of the class who may complain. By the decree of 1922 and also that of 1927, with its modifications of the former, the priorities of plaintiffs are earlier in time and number than the priorities of the defendants, of which

the former now complain. In times of scarcity of water —and then only or chiefly is priority important—the priorities of reservoirs of plaintiffs must first be satisfied before those of the inferior reservoir rights of the defendants are supplied. By both decrees, that of 1922 and that of 1927, plaintiffs—owners of Mallet reservoirs Nos. 1 and 2—are awarded priorities of earlier date than those given to the defendants for their reservoirs. By the 1922 decree, priority of these plaintiffs is June 3, 1899; that of defendants June 10, 1899. By the 1927 decree, priority of such plaintiffs is December 1, 1890; that of defendants August 1, 1896. How it is possible for these particular plaintiffs, as owners of priorities senior in right to those of the defendants, and under the same decree, successfully to allege that they are injured because the appropriations of their juniors are given improper numbers, has not been explained. Defendants are not insisting upon, or claiming, equal or superior rights for their reservoirs, over the rights of these plaintiffs as to their mentioned reservoirs. In times of scarcity of water plaintiffs will be supplied by the executive officers ahead of their juniors, including these defendants. Plaintiffs will not be injured by reason of the alleged improper dating and numbering of priorities. If other appropriators outside or inside of the district have just ground of grievance, let them apply to the courts for relief. Plaintiffs may not constitute themselves guardians or protectors of the rights of other appropriators which, if not lost by delay or otherwise, the owners thereof may determine for themselves what course to pursue.

Moreover, the 1927 decree, into which was merged that of 1922, itself explicitly recites that the priorities thereby and therein awarded cannot antedate or conflict with priorities awarded by former decrees in District No. 17. If so, we repeat that it is difficult to see how plaintiffs, if they have by these decrees superior rights to any priorities awarded by the 1927 decree, would suffer any injury. However, they cite *Baca Co. v. Model Co.*, 80 Colo. 398,

252 Pac. 358, as authority justifying the explicit order of the trial court just mentioned. The case is in point. It also holds, what is important here, as it negatives the right of plaintiffs to complain of the 1927 decree, when it says, that a priority owner under an adjudication decree may not complain of an adjudicated priority in that district later in time than his own. The remaining plaintiffs, other than those who own the priorities just considered, may not complain of that provision of the 1927 decree that changes the date of the Great Plains priority from June 10, 1899, to August 1, 1896. The respective decrees of these remaining plaintiffs, concerning which no objection is made by any of the parties, are of the same dates under both the 1922 and 1927 decrees. The decrees of the defendants, to which these plaintiffs now object, antedate theirs under each and both decrees three years or more. So, that, as the feature of priority is nothing other than one of relation, it makes no difference to the plaintiffs, if the defendants' priorities are earlier than theirs, as they are, whether they are six months or six years earlier. The defendants assert, and the plaintiffs do not question it, that there are no intervening reservoir priorities in the district between the two different priority dates. This change of date affects none of the relative priorities of the parties. They are exactly the same now as before the 1927 decree was rendered. The priorities of the defendants that are earlier than the priorities of the plaintiffs would be served first. The priorities of the plaintiffs that are earlier than the defendants will have and enjoy the same preferential right.

Defendants concede that technically, at least, plaintiffs, who were awarded priorities later than those of the defendants or some of them, may complain of the amount or volume of the award to the latter for its reservoirs, and that is the only thing in this connection that they may be heard upon. Defendants, however, say, and the record bears them out, that the trial court was justified in finding that this right is merely a naked or abstract right,

since the practical situation, the physical facts of location, the nonuse or abandonment by plaintiffs of their alleged rights under the decrees, and other similar matters disclose that plaintiffs are neither interested in, nor injuriously affected by, the appropriations awarded to the defendants. The defendants directly charged at the trial below and renew the charges on this review, and if the charges are denied by the plaintiffs we do not find the same in their briefs, but, on the contrary, plaintiffs' briefs quite clearly reveal that while nominally this suit is in behalf of the nominal plaintiffs, who, as we have seen, are not injuriously affected by the decrees of 1922 and 1927 complained of; nevertheless the suit is really for the benefit of, and, if relief is given, in whole or in part, directly and necesssarily it will redound only to the benefit of appropriators outside the district, who could not by any of the parties to this proceeding in district No. 17 be made parties to the proceeding, but who of their own volition might have become parties thereto under authority of section 1753, C. L. 1921, had they seasonably availed themselves of the privilege afforded. The trial court had ample reason for concluding, as it evidently did, that the object of the plaintiffs here was and is, as just stated, and that, since the plaintiffs might not complain in their own interests of the decrees thus attacked, but if at all only for others not parties to this suit and not holders of, or interested in appropriations awarded by the courts in district No. 17, withheld relief sought. We are justified in saying that the trial court rightly so concluded, as the result of our examination of this record. Indeed, the statement of plaintiffs' counsel himself corroborates this when he says, in effect, that it is the duty of the courts on their own motion in adjudicating water rights to protect the rights of all appropriators on the entire stream, in this case the Arkansas river and its tributaries. He also says that the people at large are, as we have held in *Model Co. v. Baca Co.,* 83 Colo. 131, 262 Pac. 517, "a silent third party to every water adju-

. dication." This and more to the same effect is true. But being so, we know of no decision or principle of law or justice that authorizes or enables an appropriator upon his own motion, whose rights are inferior and junior to the rights of his adversaries in a suit, to urge as against them objections that are wholly without merit, and in behalf of other appropriators who, either through their own neglect or otherwise, have not seen fit to protect their own rights, if any they have. In this we must not be understood as intimating that these outside appropriators have any grievance. We merely say that, if they have, it is for them to air it, and not for the plaintiffs, as here attempted, to assert it for them in this suit.

At great length the plaintiffs argue that the amount or volume awarded by the 1927 decree to the reservoirs of the Great Plains System—which name the parties give to the Arkansas Valley Sugar Beet and Irrigating Land Company—is excessive, far beyond what the evidence justifies. Plaintiffs say that this defendant, in planning and constructing its ditches, canals and reservoirs of such great length and dimensions; in diverting water from the various sources of supply an inordinate volume of waters so greatly in excess of that stored in its reservoirs and spread upon the land; and in being unable to make beneficial use of the same but losing by seepage, evaporation and otherwise the greater part actually diverted, is guilty of manifest waste. And they say that the trial court should have so found. As to this and other assignments of error directed to the findings of fact made by two different referees and approved by two different judges of the trial court, we say that such findings should not be lightly set aside, but only if manifest error is disclosed by the entire record. Our examination of this voluminous record, the abstract of which consists of three large bound volumes, convinces us that such findings should not be set aside. The evidence was in conflict in some particulars and in other particulars not. The referees and trial judges were and are in much better

position and better qualified to determine these questions of fact than we are. The case has been hotly contested from the inception to the close by able and diligent counsel. Referees and trial judges are experienced and learned in the law of water right adjudications. It would be useless for us to comment upon the evidence and to do so would be practically impossible. We merely add, what probably should have been earlier said, that the parties are in accord, because of the opinion in the Holbrook case and for other reasons not necessary to mention, that the controversy as between the plaintiffs and the defendants other than the Great Plains System, is moot, and that the questions for determination are those concerning only the plaintiffs on the one side and the Great Plains System on the other.

Considering the entire record we believe that the parties have had a fair hearing and that the evidence justifies the findings. The decree entered thereon is therefore affirmed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE ALTER concur.