No. 14,305.

GREAT WESTERN RESERVOIR AND CANAL COMPANY *v.* FARMERS' RESERVOIR AND IRRIGATION COMPANY ET AL.
(87 P. [2d] 748)

Decided February 6, 1939. Rehearing denied March 6, 1939.

Mr. J. H. BURKHARDT, for plaintiff in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. R. A. DICK, for defendant in error Farmers' Reservoir and Irrigation Company.

*In Department.*

MR. JUSTICE BOCK delivered the opinion of the court.

THE question before us on this review is whether the plaintiff in error, plaintiff below, is entitled to a reopening of a water adjudication decree under section 187, chapter 90, 1935 Colorado Statutes Annotated. That section reads as follows: "The district court, or judge thereof in vacation, shall have power to order, for good cause shown, and upon terms just to all parties, and in such manner as may seem meet, a re-argument or review, with or without additional evidence, of any decree made under the provisions of this law, whenever said court or judge shall find from the cause shown for that purpose by any party or parties feeling aggrieved, that the ends of justice will be thereby promoted; but no such review or re-argument shall be ordered unless applied for by petition or otherwise within two years from the time of entering the decree complained of."

The adjudication proceeding was instituted in October, 1912. First referee was appointed in August, 1913. Notice for hearing was published and posted in February, 1914. First report of referee was made in April, 1926. First decree was entered June 21, 1926. This decree permitted the filing of additional claims up to August 1, 1926. First referee died April 21, 1931. Second referee was appointed September 23, 1931, who filed his first report in June, 1933. Last decree was entered January 9, 1935.

The petition of plaintiff in error to reopen was filed January 5, 1937. To this petition the Farmers' Reservoir and Irrigation Company, defendant in error, filed its answer, in which it included a general demurrer to the petition.

The trial court took under advisement the issues raised by the demurrer, and after hearing on the peti-

tion and answer, sustained the demurrer and dismissed the petition.

Section 187, supra, refers to "any decree made under the provisions of this law." Moreover, this section also provides that the two-year period for review and re-argument is limited to "the decree complained of." It is undisputed in the record that the decree "complained of" by the petitioner is the one entered June 21, 1926.

The trial court, in passing on this demurrer, states "the petitioner now doesn't object to anything that was done by the supplemental decree of 1935," but asks "permission to file claim, present evidence and have a decree as a part of the 1926 original decree."

Since we are convinced that the decree of June 21, 1926, was final as to the questions presented by the petition of plaintiff in error, we believe that the trial court ruled correctly in sustaining the demurrer and dismissing the petition.

In view of the disposition of the case upon the ruling on the demurrer, it is unnecessary to discuss other questions raised.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE FRANCIS E. BOUCK concur.