No. 14,901.

GREAT WESTERN RESERVOIR AND CANAL COMPANY *v.* FARMERS RESERVOIR AND IRRIGATION COMPANY.

(124 P. [2d] 753)

Decided March 16, 1942. Rehearing denied April 20, 1942.

Mr. J. H. BURKHARDT, for plaintiff in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. R. A. DICK, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the Great Western Company and defendant in error as the Farmers Company.

This action was brought May 2, 1939, by the Great Western Company to have a certain decree adjudicating priorities to the use of water for irrigation, entered in 1907, "modified" as to the Great Western reservoir, owned by it, materially increasing its appropriation. All parties presumably adversely interested were served. Only the Farmers Company answered. The relief demanded was denied for four reasons, which for convenience may be taken as the errors here relied upon: (1) That the decree of 1907 was not "conditional"; (2)

that if it was, the rights of the Great Western Company under it had been lost by delay; (3) that if a conditional decree, there was insufficient evidence of diversion and application to support the modification prayed; (4) that the only remedy, if any, of the Great Western Company was by application for "re-argument and review."

The Great Western reservoir gets its water from Coal Creek, a tributary of Boulder Creek, through the McKay Ditch. In a general adjudication proceeding numbered 4842, started April 21, 1904, a final decree was entered March 13, 1907. It was therein found that the Great Western had completed its embankment to a height of 33 feet and that there had been stored in its reservoir 12,916,200 cubic feet of water, filling it to a height of 26 feet. There is a recital in the findings that the company intended that the embankment, when completed, should be 80 feet high, and the reservoir have a storage capacity of 301,294,783 cubic feet. The final award was for an estimated 12,916,200 cubic feet, being priority number 32 of date April 21, 1903, a flow of 102.6 cubic feet per second of time, filling once a year to a height of 26 feet. A second general adjudication, numbered 6672, was instituted in the same district in October, 1912. A decree was entered therein June 21, 1926, and another January 9, 1935. In neither of these did the Great Western Company appear.

January 5, 1937, petition for re-argument and review of the decree of 1935 was filed by the Great Western Company. Failing of relief in the trial court it came here by writ of error and we affirmed the judgment. *Great Western Co. v. Farmers Co.,* 103 Colo. 536, 87 P. (2d) 748. That opinion should be read in connection with this. We there held that the decree "complained of" was the decree of June 21, 1926, so that the Great Western Company was in fact approximately seven years too late. Even had its petition gone to the 1935 decree it had but four days remaining when it acted.

The Great Western Company now comes in the first general adjudication proceeding, contending that the finding of the court as to its intention was in fact a conditional decree, and seeking to have that finding, as such, now entered as a part of the original proceeding, relating its conditional decree back to the date of its original appropriation. It claims to have proceeded with due diligence, raised its embankment to a height of 52.5 feet, giving the reservoir an additional capacity of 76,535,750 cubic feet, and entirely completed the work before the first day of January, 1909. The rights now sought to be established and the water now in question are the identical rights and water involved in the former attempt to secure a re-argument and review of the 1935 decree, and if the Great Western Company was ever entitled to the relief it now seeks its right thereto matured over 30 years ago. The present action was started two months after our decision in the former case.

Eight defenses to the petition herein were set up by the answer of the Farmers Reservoir Company, the first seven being demurrers, the eighth on the merits pleading facts. Three of these demurrers were sustained, the others overruled, and on the eighth defense the court found generally for the Farmers Company. In other words the court found for the Farmers Company for four reasons any one of which, if good, sustains the judgment. Believing the first (the sixth defense), a simple demurrer for want of facts, good, we concern ourselves with no other. This demurrer raised the defense of laches.

A casual glance at any general statement of the doctrine of laches makes it clear that the Great Western Company is now barred thereby. Extraordinary lapse of time, the running of all statutes of limitation, knowledge of rights, complete failure to assert them, presumption of prejudice arising from that failure, absence of evidence to rebut that presumption, and passive assent to adverse claims, all are here. 21 C.J., pp.

219, 228, §§218, 223; 30 C.J.S., Equity, §§116, 117. The only answer thereto which gives us pause is the Great Western's assertion that the doctrine does not apply to one in peaceable possession under claim of right. 21 C.J., p. 230, §224; 30 C.J.S., Equity, §116. Such is the law. But the trial court could not find in the record the required evidence to support either possession or claim, nor can we.

The Farmers Company, being a party to the 1912 adjudication and having important and valuable priorities which those now sought by the Great Western Company would anti-date, must necessarily be prejudiced if the relief prayed be now granted. Nor can we close our eyes to the fact, well known to all persons in the commonwealth having any interest in or knowledge of the subject of irrigation and the conditions on the principal streams and watersheds of the state, that such delay as is disclosed by this record could not possibly take place on any of them without serious prejudice to junior appropriators. The trial judge well said: "Thirty years! I am afraid the petitioner shouldn't be heard in this court now in this case." "Not only was the attempt to have the 1926 decree re-opened too late but I am afraid that this present attempt by a petition filed here in May, 1939, was even more, and just about 30 years, too late." "I think under the history that we have given that we must find laches." We have heretofore said that those who might have come into an adjudication proceeding but had slept on their rights for twenty years "have no cause of complaint." Otherwise "the whole irrigation structure of the state may be upset and inextricable confusion overtake the chief source of her prosperity." *Model Co. v. Baca Co.*, 83 Colo. 131, 135, 262 Pac. 517.

On the question of possession and claim of right the trial court found that from 1908 to the present there was no evidence that diversion under the enlarged capacity was made under any authority of the water commissioner or that any water taken was not from

unappropriated water "not needed by anyone on the watershed." In other words evidence of possession and claim of right, in face of the long delay here disclosed, must be sufficiently definite to answer the presumptions arising from the existence of the elements of laches. It fails here as to the amount of water taken by the Great Western Company, the times when it was taken, the source from which it was obtained, and the right, or claim of right, under which it was diverted. In all this we think the record supports the conclusion of the trial judge.

The judgment is accordingly affirmed.

MR. JUSTICE BOCK and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE JACKSON not participating.