## No. 24664

In the Matter of Adjudication of Priorities to the Right to the Use of Water for Irrigation and Non-irrigation Purposes in Water District No. 11, Water Division No. 2, in the State of Colorado, No. 5141, in Chaffee County District Court. Eugene A. Bond (1) As Protestant to the Claim of the Twin Lakes Reservoir and Canal Company as Claimant to its Third and Fourth Enlargements to its Twin Lakes Reservoir; and (2) As Protestant to the Claim of the Southeastern Colorado Water Conservancy District, Claimant to its First Amended Claim for its Twin Lakes Reservoir; and (3) Eugene A. Bond, as Claimant for His Cache Creek Reservoir and Water System v. (1) The Twin Lakes Reservoir and Canal Company, as Claimant to its Third and Fourth Enlargements to its Twin Lakes Reservoir; and (2) The Southeastern Colorado Water Conservancy District, as Claimant to its First Amended Claim to its Twin Lakes Reservoir; and (3) The Twin Lakes Reservoir and Canal Company, The Southeastern Colorado Water Conservancy District, The C.F. & I. Steel Corporation, The Amity Mutual Irrigating Company, The Bessemer Irrigating Ditch Company, The Booth-Orchard Grove Ditch Company, The Excelsior Irrigating Ditch Company, The Fort Lyon Canal Company, Oxford Farmers Ditch Company, Inc., The Buffalo Mutual Irrigation Company and The Arkansas Valley Ditch Association, as Protestants to the Statement of Claim of Eugene A. Bond, for His Cache Creek Reservoir and Water System

(496 P.2d 311)

Decided April 17, 1972.          Rehearing denied May 8, 1972.

162

Eugene A. Bond, for plaintiff in error and counsel pro se.

Raphael J. Moses, Lawrence L. Fenton, Holland & Hart, James E. Hegarty, for defendant in error The Twin Lakes Reservoir and Canal Company.

Fairfield and Woods, Charles J. Beise, for defendant in error The Southeastern Colorado Water Conservancy District.

Welborn, Cook, Phipps & Brown, David R. Phipps, for defendant in error The C. F. & I. Steel Corporation.

Holland & Hart, James E. Hegarty, Michael D. White, John U. Carlson, for defendants in error The Amity Mutual Irrigating Company, The Bessemer Irrigating Ditch Company, The Booth-Orchard Grove Ditch Company, The Excelsior Irrigating Ditch Company, The Fort Lyon Canal Company, Oxford Farmers Ditch Company, Inc., The Buffalo Mutual Irrigating Company, and The Arkansas Valley Ditch Association.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Challenge to conditional decrees of the district court in supplemental water adjudication proceedings brought pursuant to the Adjudication Act of 1943 is the basis for the consolidated writs of error brought in this court. Decrees granted in the court below were as follows: To the Twin Lakes Reservoir and Canal Company (hereinafter the Reservoir Company) for a conditionally decreed amount of water to be appropriated from Twin Lakes; to Southeastern Colorado Water Conservancy District (hereinafter the Conservancy District) also for a conditionally decreed amount of water to be appropriated from Twin Lakes; and to plaintiff in error, Bond, a conditionally decreed amount of water to be appropriated from the Cache Creek Reservoir. Bond sued out writ of error to all three decrees, having been only partially successful in the claim which he initiated, and asserting that, having certain decreed water rights which would be injured, he had a right to contest the other two claims, which he contends grant decrees to lake waters not subject to appropriation. We affirm, without reaching the question of whether water may be appropriated from a natural lake.

I.

The Reservoir Company Claim

The 1943 Water Adjudication Act provides in pertinent part:

"No hearing shall be had at any other time except upon written notice by the clerk of the court or by the referee to all persons having claims on file in the proceeding. The owner or claimant of any *water right* in the water district, whether such water right has theretofore been adjudicated or not, shall be permitted to cross-examine witnesses on behalf of and to introduce evidence against any claim for another water right which might *injuriously affect* his own water right." (Emphasis added.) C.R.S. 1963, 148-9-10(3).

The lower court found that Bond was not a proper protestant

under this section. We agree. It was undisputed in the lower court that in no manner, either in his own claim for new storage rights or as a holder of senior decrees, did Bond allege, offer to show, or show that he would be injuriously affected. *Hardesty Reservoir, Canal and Land Co. v. Arkansas Valley Sugar Beet and Irrigated Land Co.,* 85 Colo. 555, 277 P. 763, stands for the proposition that the rights of senior appropriators cannot be injuriously affected by claims of junior claimants. Bond, in effect, concedes that his water rights would not be injured, but asserts, however, that his protest was proper since he is a resident of, taxpayer, and landowner in the Twin Lakes area. We disagree. It is clear from section 148-9-10(3), that the 1943 Adjudication Act was intended to protect water rights from injury. It follows that other interests may not be protected by way of a protest against a claim filed pursuant to that Act. *Cf. Hardesty Reservoir, Canal and Land Co. v. Arkansas Valley Sugar Beet and Irrigated Land Co., supra.* Bond urges, however, that the limitation on the right to protest under section 148-9-10(3) was repealed by the Water Right Determination and Administration Act of 1969. That Act provides in pertinent part:

"All proceedings pending on June 7, 1969, for the adjudication of water rights, for a change of water rights, or for the disposition of other matters which are of the type to be handled by proceedings provided for in this article shall be concluded by July 1, 1972, and priorities and changes of rights which are determined in such pending proceedings shall be integrated by the various division engineers in their current records and shall be included in tabulations prepared by the division engineers pursuant to the provisions of this article. Any such proceedings which are not concluded by July 1, 1972, shall be heard from that time on to completion by the water judge for the division in which the proceedings are pending, under procedures provided for in this article. Persons who have filed statements of claim in such pending proceedings may withdraw therefrom at any time and file applications or otherwise proceed in accordance with this article." 1969 Perm. Supp., C.R.S. 1963, 148-21-44.

The Reservoir Company's claim was pending on June 7, 1969, and the proceeding has been concluded and appealed in this court, all prior to the upcoming deadline of July 1, 1972.

█ The election provided above was not exercised by the Reservoir Company. Bond did not so elect with respect to his own claim, as will be discussed below. While not expressly stated therein, the clear implication from section 148-21-44 is that supplemental adjudications initiated under the 1943 Act and completed before July 1, 1972, would continue to be governed by the 1943 Act, provided a claimant did not elect to proceed under the 1969 Act. Such a construction is the only reasonable one that can be assigned section 148-21-44, and our opinion is fortified by the fact that in 1970 the section was amended in pertinent part to read:

"All proceedings pending on the effective date of this article for the adjudication of water rights, for a change of water rights, or for the disposition of other matters which are of the type to be handled by proceedings provided for in this article shall be concluded by July 1, 1972, IN ACCORD-ANCE WITH THE PROVISIONS OF THE STATUTE UN-DER WHICH THEY WERE INSTITUTED [absent the claimant's election to proceed under the 1969 Act.] * * *"
1969 Perm. Supp., C.R.S. 1963, 148-21-44, *as amended by* Colo. Sess. Laws 1970, ch. 103, § 5, pp. 433-434.

To find that the legislative intent was different in 1969 than in 1970 with regard to the applicability of the 1943 Act, would be to create unwarranted inconsistencies.

## II.
### The Conservancy District Claim

█ The lower court dismissed Bond's protest to the Conservancy District's claim, finding that he was not injuriously affected as required under section 148-9-10(3). We agree. Bond did not set forth any specific water rights (including priority dates or references to a specific adjudication) that would be injured due to the granting of the Conservancy District's claimed water rights. Bond was twice given the opportunity by the lower court to show, or at least

explain, how his water rights would be injured. While he indicated that testimony by claimant's expert witness would support his position, there is nothing in that witness's testimony indicating what water rights of Bond would in any manner be affected. Under the circumstances, we cannot say that the trial court erred in dismissing Bond's protest.

Bond's assertions with regard to his status as a resident of, taxpayer, and landowner in the Twin Lakes area are also without merit for the reasons noted in section I.

### III.
### The Bond Claim

■ Protests to Bond's claim were filed by the Reservoir Company, the Conservancy District, Colorado Fuel and Iron Steel Corporation (C.F. & I.), and several other ditch, irrigation and canal companies. All protestants alleged rights or claims junior to all or part of certain claims by Bond referring to priorities dating from 1861 to 1897. The Reservoir Company, the Conservancy District, and C.F. & I. noted claims they had filed in the instant supplemental adjudication; the other protestants specified their rights, noting their respective priority dates. Upon protestants' motions, the portions of Bond's claim regarding the previously adjudicated direct flow rights attempted to be incorporated in the new claim for rights were stricken, and we think properly so.

While there are several reasons for upholding the lower court's determination, the most evident is that Bond's 1861-1897 direct flow rights had already been adjudicated. Bond's new claim was adjudicated pursuant to the 1943 Act, which confines the jurisdiction of the court to determination of the priority of and the amount of water rights not previously adjudicated. C.R.S. 1963, 148-9-3 and 7. Thus, the lower court acted quite properly in striking the aforementioned material from Bond's claim.

Judgments affirmed.