MORSE *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 201.   Motion to dismiss submitted February 1, 1926.—Decided March 1, 1926.

1. Under Rule 90 of the Court of Claims, after a motion for new trial has been overruled another can not be made without leave of court.   P. 153.
2. The ninety days allowed by Jud. Code § 243 for appeal to this Court from a judgment of the Court of Claims, began to run from the day when that court denied a duly and seasonably filed motion for a new trial, and was not postponed by the subsequent presentation of a motion (which the court likewise denied) for leave to file a further motion for a new trial.   P. 153.

Appeal from 59 Ct. Cls. 139, dismissed.

APPEAL from a judgment of the Court of Claims denying a salary claim.

*Solicitor General Mitchell* and *Assistant Attorney General Galloway* for the United States, in support of the motion.

*Mr. John H. Morse, pro se,* in opposition thereto.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

John H. Morse, claiming that he had been illegally separated from the Civil Service of the United States, filed his petition in the Court of Claims for $4,000 for his salary. Upon a general traverse the case was heard and the Court made findings of fact and entered judgment that the petition of the plaintiff should be dismissed on the merits. The judgment was entered on the 21st of January, 1924. On March 19, 1924, Morse filed a motion for a new trial. This motion was overruled by the Court on May 4, 1924. On May 28, 1924, Morse presented a motion for leave to file a motion to amend the findings of fact. This motion for leave to file was overruled by the Court of Claims on June 2, 1924. On June 9, 1924, Morse presented a motion for leave to file a motion to reconsider and grant a new trial, and on the same day the Court of Claims overruled the motion for leave to file. On September 5, 1924, Morse made application for an appeal to this Court. The Court of Claims allowed the appeal on October 13, 1924. At the time of allowing the appeal, the Court of Claims filed a memorandum, calling attention to the dates upon which the steps referred to above had occurred and to the rule of the Court of Claims on the subject, and added: " In this state of the record the Court is in doubt whether an appeal is allowable, but grants the appeal to give plaintiff the benefit of any doubt upon the question."

Rule 90 of the Court of Claims provides as follows:

" Whenever it is desired to question the correctness or the sufficiency of the court's findings of fact or its conclusions or to amend the same, the complaining party shall file a motion which shall be known and may be considered as a motion for a new trial. All grounds relied upon for any or all of said objects shall be included in one motion. After the court has announced its decision upon such motion no other motion by the same party shall be filed unless by leave of court. Motions for new trial, except as provided by Section 1088 of the Revised Statutes (Sec. 175 of the Judicial Code) shall be filed within sixty days from the time the judgment of the court is announced."

Section 243 of the Judicial Code, which was in force at the time the appeal herein was taken, but which was later repealed by the Act of February 13, 1925, c. 229, 43 Stat. 936, provided as follows:

"All appeals from the Court of Claims shall be taken within ninety days after the judgment is rendered, and shall be allowed under such regulations as the Supreme Court may direct."

It is clear from the sequence of dates above given that more than ninety days elapsed between the overruling of the motion for a new trial and application for appeal by the appellant. The appellant contends that the motion for leave to file a motion for a new trial, on June 9, 1924, prevented the beginning of the period of limitation within which application for an appeal could be made from the judgment of the Court of Claims, and therefore that the appeal taken on the 5th of September was within the statutory ninety days.

There is no doubt under the decisions and practice in this Court that where a motion for a new trial in a court of law, or a petition for a rehearing in a court of equity, is duly and seasonably filed, it suspends the running of the time for taking a writ of error or an appeal, and that the time within which the proceeding to review must be

initiated begins from the date of the denial of either the motion or petition. *Brockett* v. *Brockett,* 2 How. 238, 241; *Railroad Company* v. *Bradleys,* 7 Wall. 575, 578; *Memphis* v. *Brown,* 94 U. S. 715, 718; *Texas & Pacific Railway* v. *Murphy,* 111 U. S. 488, 489; *Aspen Mining and Smelting Co.* v. *Billings,* 150 U. S. 31, 36; *Kingman* v. *Western Manufacturing Co.* 170 U. S. 675, 678; *United States* v. *Ellicott,* 223 U. S. 524, 539; *Andrews* v. *Virginian Railway,* 248 U. S. 272; *Chicago, Great Western Railway* v. *Basham,* 249 U. S. 164, 167. The suspension of the running of the period limited for the allowance of an appeal, after a judgment has been entered, depends upon the due and seasonable filing of the motion for a new trial or the petition for rehearing. In this case after the first motion for a new trial had been overruled, on May 4, 1924, no motion for a new trial could be duly and seasonably filed under Rule 90 of the Court of Claims, except upon leave of the Court of Claims. This leave, though applied for twice, was not granted. Applications for leave did not suspend the running of the ninety days after the denial of the motion for a new trial within which the application for appeal must have been made. For that reason, the motion of the Government to dismiss the appeal as not in time, and so for lack of jurisdiction, must be granted.

*Appeal dismissed.*