GRIFFITHS v. COMMISSIONER OF INTERNAL REVENUE.

No. 4440.

Circuit Court of Appeals, Seventh Circuit.
June 12, 1931.

liams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

Paysoff Tinkoff, of Chicago, Ill., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and A. G. Divet and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue and Robert L. Wil-

SPARKS, Circuit Judge.

Petitioner attacks the Board's determination upon the following grounds: First, the evidence does not sustain the findings, either with respect to the amount of income received in 1919 by petitioner by virtue of such bond premiums, or with respect to the existence of fraud on the part of petitioner in making his return; second, the findings actually made do not sustain the ultimate conclusion; and,

third, the statute of limitations had run against any assessment.

■ Respondent has filed a motion to dismiss the appeal on the ground that the petition for review of the Board's order of redetermination was received and lodged with the Board on September 30, 1929, which was one day after the expiration of six months from the date of the order of redetermination, and hence was beyond the time granted by statute in which a petition for review may be filed. Sections 1001, 1005 (a), Revenue Act of 1926, c. 27, 44 Stat. 9 (26 USCA §§ 1224, 1228 (a).

It is petitioner's contention, however, that since his petition for a rehearing filed on July 8, 1929, was not denied until September 20, 1929, his time for filing a petition for review was thereby extended for six months from the last-named date. It is conceded by respondent that in the federal courts the filing of a motion to reopen or vacate a judgment or decision stops the running of the time for appeal, and that it begins to run anew from the time the motion is disposed of. Morse v. United States, 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518. Respondent insists, however, that this well-established practice is not sufficient to override the plain words of the statutes, which provide that the appeal must be taken within six months after the decision is rendered, and that the decision shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time.

With respondent's contention we are unable to agree, and we see no reason why the general and uniform rule should not be applied to these statutes in the same manner as applied to other similar statutes. In Morse v. United States, supra, the statute under discussion provides that all appeals from the Court of Claims shall be taken within ninety days after judgment is rendered; and if a motion for a new trial or a petition for a rehearing was duly and seasonably filed it suspends the running of the statute, and the time within which the proceeding must be initiated begins from the date of the denial of either the motion or petition.

■ Petitioner has filed a motion in this court to strike from the record on review what purports to be an income and profits tax waiver of the time prescribed by law for making any assessment of the amount of taxes due for the year 1919. It also purports to have been signed by petitioner on Novem-

ber 3, 1925, and to have been approved on November 14, 1925, by the Commissioner of Internal Revenue. The motion to strike is upon the ground that the paper is not identified as an exhibit, that it is not shown by the record to have been introduced in evidence at the hearing before the Board, and that its incorporation in the printed record was without authority.

A perusal of the record shows that such a paper was never offered in evidence and was never mentioned in the entire proceedings. It is not certified in any manner by the clerk of the Board as being a part of, or in any manner connected with, the record in the cause; yet it is set forth on page 80 of the transcript, between Respondent's Exhibits D and E, with no identification whatever, and no explanation as to its presence. Respondent contends that it should be considered as a part of Exhibit E (which is petitioner's income tax return for the year 1919) for the reason that the sixty-day letter which was mailed to petitioner was offered and introduced in evidence as a part of respondent's Exhibit E, and that according to the custom of respondent, concerning which the record is silent, the waiver in ordinary course would have been attached to the sixty-day letter; and, hence, he insists that we should consider the waiver as a part of Exhibit E.

The record pertaining to the introduction of Exhibit E is as follows: "Counsel for respondent introduced into evidence as Respondent's Exhibit 'E,' the taxpayer's return for the year 1919, with the 60-Day letter attached. A photostatic copy of this Exhibit 'E' is hereto attached and made a part hereof by reference." It is not claimed that a taxpayer's waiver is any part of the sixty-day letter, and for this court to conclude that they were attached when introduced, all as a part of Exhibit E, would be going much further than the evidence warrants or the rules of evidence permit. There is no general statement in the record with relation to respondent's evidence under which the waiver can be considered as offered or introduced, such as the words "the following, or the foregoing, evidence was introduced." It is true that the clerk certifies that "the foregoing contains the substance of all the evidence given on the hearing of this proceeding * * *"; but the exhibits and the waiver follow this certificate, and there is no reference whatever preceding the certificate which relates to the waiver. We think there was no intention on the part of respondent to introduce the waiver, for in discussing in his brief the necessity of pleading the statute of limitations or raising it at the hearing before the Board, which was not done, he says, "If the issue of the statute had been raised, respondent would have been in a position to meet it by showing that waivers had been furnished." There are no facts presented to us upon which we can rightfully base a ruling to the effect that the waiver is a legitimate part of this record, and the motion to strike it from the record is sustained.

The statutes involved in this petition for review are: Revenue Act of 1918, c. 18, 40 Stat. 1057, §§ 210, 211 (a), 250 (b), (d); Revenue Act of 1926, c. 27, 44 Stat. 9, §§ 274 (e), 277 (a) (3), (b), 278 (a), 1001 (a), (c), 1005 (a), 1106 (a), 26 USCA §§ 1048 c, 1057 (a) (3) (b), 1058, 1224 (a) (c), 1228 (a), 1249 note; Revenue Act of 1928, c. 852, 45 Stat. 791, § 612.

Section 250 (d) of the Act of 1918 (40 Stat. 1083) is as follows: "Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due."

Section 1106 (a) of the Act of 1926 is as follows: "The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; * * *"

[4, 5] In the instant case petitioner's return for the year 1919 was made March 15, 1920, and the order of determination against him for a deficiency tax for the year 1919 was made by the Commissioner of Internal Revenue May 18, 1926, which was more than five years after the return was made. It follows, therefore, that respondent is barred from maintaining this proceeding unless petitioner was guilty of fraud in making his return. Not only was the remedy barred, but the liability was extinguished. United States v. John Barth Co. et al. (C. C. A.) 27 F.(2d) 782, 784. It is true that section 1106 (a), supra, was repealed by section 612 of the Revenue Act of 1928, which attempted to give effect to the repeal as of February 26,

1926, but in United States v. John Barth Co., supra, Judge Evans, speaking for the court, said, "it was not within the power of Congress to enact legislation to recreate the liability thus extinguished."

Respondent contends, however, that petitioner is precluded from raising the question of the statute of limitations in this court because he did not raise it before the Board. But, as stated by Judge Evans in the case last cited, we are dealing with statutes which not only limit the time in which the action can be brought, but also extinguish the cause of action. In such a case there need be no special plea, because it is perfectly obvious that there is no cause of action. People, etc., v. Herr, 81 Ill. 125; 37 Corpus Juris, par. 722, p. 1217 and cases cited.

The remaining question before us is whether petitioner was guilty of fraud with intent to evade the tax in making his return on March 15, 1920; and the burden of proving such fraud was upon respondent. Fraud is never presumed but must be determined from clear and convincing evidence, considering all the facts and circumstances of the case, and the presumption of Commissioner's correctness does not extend to his determination that fraud existed. J. B. Jemison v. Commissioner of Internal Revenue (C. C. A.) 45 F.(2d) 4.

The uncontradicted evidence shows that petitioner took no part in the preparation of his returns. He was a very old man, and while we may well presume from the evidence that he was, considering his age and ailments, quite an active force in the welfare and general management of the company's affairs, yet he had no knowledge of the bookkeeping department, which was attended to by one employed for that purpose, to whom petitioner intrusted the preparation of his income tax returns, with the assistance of petitioner's attorney. There was no evidence of intentional concealment of facts upon the part of petitioner, and the return shows, aside from the tax sought to be recovered in this proceeding, that he had erroneously charged himself with several thousand dollars more than was owing by him. Of course this was not intentional on his part, but it is a circumstance which ought to be considered in his favor. That he was negligent in relying upon his bookkeeper we think there can be no

doubt, especially in view of the bookkeeper's contradictory testimony; but there is no evidence of willful negligence, and whatever negligence there was in this respect would not of itself constitute fraud on petitioner's part.

We agree with respondent that the evidence is not sufficient to warrant a finding that an agreement was made in 1916 by petitioner and his associates with relation to paying themselves for acting as surety on the bonds. The bookkeeper's first testimony undoubtedly would not support such a finding; and while he changed it entirely on the second day of the trial, it was under such circumstances and in such a manner as to warrant the court in not believing him, and to warrant the conclusion that he was not a very reliable bookkeeper. If, as respondent contends and as we believe, the agreement to pay petitioner and his associates for the bonds was made in 1919 at about the time the entire credit for them was given, we think this would constitute less evidence of fraudulent concealment than if the agreement had been made in 1916 and kept off the books until 1919. To hold that petitioner was guilty of fraud in making his return under the circumstances set forth would not in our judgment be consistent with the Board's previous rulings in the following cases: Schultze v. Commissioner, 18 B. T. A. 444; Pottash Bros. v. Commissioner, 12 B. T. A. 190; Scheer v. Commissioner, 11 B. T. A. 836; Mackay v. Commissioner, 11 B. T. A. 569; Griffith v. Commissioner, 11 B. T. A. 565; Klise v. Commissioner, 10 B. T. A. 1234; J. Heninger v. Commissioner, 9 B. T. A. 1318; Appeal of Gutterman Strauss Co., 2 B. T. A. 433; and also the following decisions: Jones v. Simpson, 116 U. S. 609, 6 S. Ct. 538, 29 L. Ed. 742; Maryland Casualty Co. v. Palmetto Coal Co., 40 F.(2d) 374.

We think that petitioner was not guilty of fraud in making his return. However, we are of the opinion that the ends of justice require that the cause be retried in order that both parties may offer such evidence as they may see fit to present upon the issue of waiver of the statute of limitations.

The order of the Board of Tax Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.