## INTERNATIONAL SHOE CO. v. NATHEWS.

### No. 8415.

Circuit Court of Appeals, Fifth Circuit.

Nov. 23, 1937.

R. DuPont Thompson and Andrew H. Knight, both of Birmingham, Ala., for appellant.

A. Leo Oberdorfer, of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is under section 24a of the Bankruptcy Act (as amended, 11 U.S.C.A. § 47(a), denying the motion of appellant to reopen the matter of the petition of appellee for a discharge in bankruptcy and to allow the amendment of appellant's specifications of objections thereto.

Appellant duly filed its specifications of objections to appellee's petition for a dis-

charge. The latter moved to strike the specifications as not being properly verified. By order dated November 25, 1936, the court sustained appellee's motion to strike and ordered the granting of his discharge, which was issued on the same day. On December 23, 1936, appellant presented its motion, properly noticed to appellee, to vacate the order of November 25th striking the specifications of objections, to allow an amendment of the specifications, nunc pro tunc, by the addition of a verification which would meet the objections raised on the previous hearing, and to grant a rehearing thereon. On the same date, the court entered an order continuing the motion for argument and submission on January 13, 1937. On the last-mentioned date, after hearing the motion, the court entered an order reciting that no request for leave to amend had been made on the original hearing, that appellant had been guilty of laches, and that the application for amendment came too late; and ordered that the motion to vacate the order of November 25, 1936, be denied.

On the 11th day of February, 1937, appellant filed its petition for an appeal from the order of January 13th, and with it presented its assignment of errors, four of which were directed to the order of January 13, 1937, and two to the striking of the specifications and allowance of the discharge. Appellee moves to dismiss the appeal, first, because as an appeal from the order of November 25, 1936, more than 30 days elapsed between the date of the order and the institution of the appeal, and second, because the order of January 13, 1937, is an order overruling a motion for a rehearing, which is a matter resting within the sound discretion of the court, and from which no appeal will lie.

■ It cannot be said that the time for taking an appeal from the order of November 25th had elapsed when this appeal was allowed on the 11th day of February, even though more than 30 days had elapsed, for the reason that the pendency of the motion for rehearing delayed the running of the statute. In Morse v. United States, 270 U.S. 151, at page 153, 46 S.Ct. 241, 242, 70 L.Ed. 518, it is said: "There is no doubt under the decisions and practice in this court that where a motion for a new trial in a court of law, or a petition for a rehearing in a court of equity, is duly and seasonably filed, it suspends the running of the time for taking a writ of error or an appeal, and that the time within which the proceeding to review must be initiated begins from the date of the denial of either the motion or petition [citing authorities]. The suspension of the running of the period limited for the allowance of an appeal, after a judgment has been entered, depends upon the due and seasonable filing of the motion for a new trial or the petition for rehearing."

This is in accord with the prior holding of this court in the case of Yaryan Rosin & Turpentine Co. v. Isaac, 270 F. 710, 711. This rule is recognized in the case of Clarke v. Hot Springs Electric L. & P. Co. (C.C.A.) 76 F.(2d) 918, 921, which held that, where the petition for rehearing was not filed until after the time limited for taking the appeal had elapsed, the right to appeal had been lost. The Clarke Case and the case of Morse v. United States, supra, are cited with approval in Wayne Gas Co. v. Owens Co., 300 U.S. 131, 57 S. Ct. 382, 385, 81 L.Ed. 557. Thus it appears that the time for taking an appeal from the order of November 25th had not elapsed when the petition for appeal was presented to the district court and allowed on February 11th; but the difficulty here is that appellant did not appeal from said order of November 25th, and the matter is jurisdictional.

The petition for appeal recites that appellant, "conceiving itself aggrieved by the final order and decree entered in this proceeding on to-wit the 13th day of January, 1937, hereby appeals from said order and decree entered on the said 13th day of January, 1937 * * * and prays that its appeal may be allowed. * * *" The allowance of the appeal is indorsed on the petition in the following words: "The foregoing appeal is hereby allowed. Dated this 11th day of February, 1937." It is signed by the District Judge. The appeal, by its terms, is confined to the order of January 13th, which was the denial of appellant's motion for rehearing and amendment. The assignment of errors is of like tenor and effect, and the inclusion therein of assignments directed to the granting of the discharge and the striking of appellant's specifications of objections was obviously to show error in not granting the motion for a rehearing. These questions raised by the assignments are collateral to the main issue, the decision of which this appeal seeks to reverse. Thus we are confronted by the second proposition raised by appellee's motion to dismiss the appeal.

The motion for rehearing sought to reopen the order of November 25th to review the action of the court in two particulars, i. e., the striking of the specifications and the granting of the discharge, and thereafter to invoke the discretionary power of the court to allow an amendment to the specifications. While an appeal from the order allowing the discharge would bring up for review the propriety of striking the specifications [Cf. In re Reichert (C.C.A.) 73 F.(2d) 56], the problem would be further complicated on this record by the inclusion of the question of the propriety of the exercise by the District Court of a discretionary power; but we pass this proposition for the more fundamental rule that no appeal lies from the denial of a motion or petition for a rehearing.

In the case of Brockett v. Brockett, 2 How. 238, 240, 11 L.Ed. 251, the court said: "The next ground [for dismissal] is, that an appeal has been taken from the refusal of the court below to open the former decree, rendered for the appellant. It is plain that no appeal lies to this court in such a matter, as it rests merely in the sound discretion of the court below. And if this had been the sole appeal in the case, the appeal must have been dismissed."

In the case of San Pedro, etc., Co. v. United States, 146 U.S. 120, 137, 13 S.Ct. 94, 99, 36 L.Ed. 911, the court said: "A petition for rehearing is no more significant than a motion for a new trial, which, as well settled, presents no question for review in this court."

In Steines v. Franklin County, 14 Wall. 15, 22, 20 L.Ed. 846, it is said: "Such a motion [for a rehearing] is not founded in a matter of right, but rests in the sound discretion of the court. Matters resting in the discretion of a subordinate court cannot be assigned for error in an appellate court. Exceptions do not lie to the granting or refusing a new trial in a suit at law, nor will an appeal lie from the Circuit Court to this court from an order of the Circuit Court in granting or refusing a petition for rehearing in an equity suit for the same reason, which is that the motion in the one case, or the petition or motion in the other, is alike addressed to the discretion of the court, as shown by all the decisions in the Federal courts."

To the same effect, see Hardin v. Boyd, 113 U.S. 756, 766, 5 S.Ct. 771, 28 L.Ed. 1141, and Boesch v. Graff, 133 U.S. 697, 699, 10 S.Ct. 378, 33 L.Ed. 787. None of these cases was a matter in bankruptcy, nor was any bankruptcy statute involved. However, they were cited with approval in the case of Wayne Gas Co. v. Owens Co., supra, which was a matter confined to bankruptcy jurisdiction, and were relied on as supporting the following language: "But we think the court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action. Courts of law and equity have such power, limited by the expiration of the term at which the judgment or decree was entered and not by the period allowed for appeal or by the fact that an appeal has been perfected. There is no controlling reason for denying a similar power to a court of bankruptcy or for limiting its exercise to the period allowed for appeal. The granting of a rehearing is within the court's sound discretion, and a refusal to entertain a motion therefor, or the refusal of the motion, if entertained, is not the subject of appeal."

The appeal having been confined to the order of January 13, 1937, which was an order denying a rehearing, it must be dismissed as not presenting any matter subject to review by this court.

Appeal dismissed.