### In re BOWMAN.
### BOWMAN v. LOPERENA et al.
### No. 8796.

Circuit Court of Appeals, Ninth Circuit.

March 14, 1940.

Writ of Certiorari Granted June 3, 1940.

See 60 S.Ct. 1095, 84 L.Ed. ——

J. Earl Haskins, of Los Angeles, Cal., for appellant.

Noon & Noon and Sloane & Steiner, all of San Diego, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, debtor in a proceeding instituted by him May 23, 1935, under Section 74, of the Bankruptcy Act, as amended in 1934,[1] filed in the district court on March 18, 1938, his petition for an appeal from certain orders in that proceeding and the district court granted the petition and allowed the appeal on the same day.

The district court adjudicated the appellant a bankrupt by an order of date August 21, 1936, and appellant purports to appeal from this order under Section 25, sub. a, of the Bankruptcy Act as amended in 1934, 44 Stat. 664, 11 U.S.C.A. § 48, sub. a, as a judgment adjudging him a bankrupt.[2] Appellant's time to appeal under Section 25, sub. a, expired thirty days after this judgment adjudging the debtor a bankrupt was rendered, unless the running of the time for taking appeal was suspended by a petition for rehearing. See Morse v. United States, 270 U.S. 151, 153, 154, 46 S.Ct. 241, 70 L.Ed. 518, citing cases. Appellant filed a petition for rehearing on September 10, 1936, but it appears to be directed to certain action of the Referee rather than to the order of adjudication.

---

[1] 11 U.S.C. (1934) § 202, 11 U.S.C.A. § 202.

[2] "* * * (a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States and the United States Court of Appeals for the District of Columbia and to the supreme courts of the Territories in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be." 11 U.S. C. (1934) § 48(a), 44 Stat. 665, 11 U.S. C.A. § 48, sub. a.

However, even if we assume there was a valid petition for rehearing which suspended the running of the time for taking an appeal, the time began to run when the district court, on October 25, 1937, denied the petition for rehearing and a motion to vacate which had been made in October, 1936, by ordering the Referee "to proceed under the said order of reference and adjudication."

The order entered October 25, 1937, also confirmed an order of the Referee of June 14, 1937, denying the debtor's petition for extension and for confirmation of the proposals therefor. On November 15, 1937, there was filed by the appellant a petition for rehearing with respect to the order of the district court entered October 25, 1937, insofar as it confirmed the order of the Referee, but the petition does not appear to be and the appellant concedes that it was not also a petition for rehearing with respect to the order of adjudication of August 21, 1936.

■ The time for appeal from the order of adjudication began to run upon the denial of the first mentioned petition for rehearing by the order entered October 25, 1937, and it had expired long before the filing of the petition for an appeal on March 18, 1938.

■ The appellant also treats the order of the district court of October 25, 1937, confirming the order of the Referee of June 14, 1937, as being appealable under Section 25, sub. a, by the petition to the district court for allowance,[3] as a judgment rejecting a claim in excess of $500.[4] With this we do not agree. Appellant appears so to regard the order of the district court because the Referee in connection with his order denying confirmation and his declaration that the plan for extension proposed by the debtor "does not include an equitable and feasible method of liquidation for the secured creditors whose claims are affected and of financial rehabilitation for the debtor himself," made a finding, inter alia, that appellant had not as he contended made a $1,000 payment to one of the appellee secured creditors for which he had not received credit, and the district court approved the findings of the Referee. However, the only order made by the Referee on June 14, 1937, was one denying the petition of the debtor for an extension and for confirmation of his proposals therefor, and the order of the district court confirming this order of the Referee was not a judgment rejecting a claim within the meaning of Section 25, sub. a. Assuming that the order of the Referee and the order of the district court confirming the Referee's order were in anywise predicated upon the finding with respect to the $1,000 payment, the validity of these orders and of the finding are matters not properly before us. The order of the district court confirming the order of the Referee denying the petition for extension and for confirmation was not within any of the classes of judgments from which an appeal could be taken under Section 25, sub. a, of the Bankruptcy Act as amended in 1934,[5] and since it was not in a "[controversy] arising in bankruptcy proceedings" it was not appealable under Section 24, sub. a, of the Act.[6]

■ The appeal also purports to be taken from an order of February 17, 1938, denying a petition for rehearing, but such an order is not appealable. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557, citing cases in footnote 10.

The petition for rehearing filed September 28, 1939, is denied. The opinion of this court filed August 28, 1939, is withdrawn. The decree of this court filed and entered on August 28, 1939, is vacated and set aside. It is ordered that a decree be entered dismissing the appeal.

Appeal dismissed.

---

[3] There is no appeal allowed under Section 24, sub. b, by this circuit court of appeals.

[4] 11 U.S.C. (1934) § 48, sub. a, 11 U.S.C.A. § 48, sub. a, set forth in footnote 2, supra.

[5] 11 U.S.C. (1934) § 48, sub. a, 11 U.S.C.A. § 48, sub. a, set forth in footnote 2, supra.

[6] " * * * (a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the United States Court of Appeals for the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers, and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." 11 U.S.C. (1934) § 47, sub. a, 44 Stat. 664, 11 U.S.C.A. § 47, sub. a.