## ABRUZZINO v. NATIONAL UNION FIRE INS. CO.
## SAME v. PACIFIC FIRE INS. CO.
### Civ. A. Nos. 13-C, 14-C.

District Court, N. D. West Virginia, at Clarksburg.

Dec. 16, 1940.

926

I. M. Underwood, of Middlebourne, W. Va., and George. W. Bland and Karl B. Kyle, both of Clarksburg, W. Va., for plaintiff.

James M. Guiher, of Clarksburg, W. Va. (Steptoe & Johnson, of Clarksburg, W. Va., on the brief), for defendants.

HARRY E. WATKINS, District Judge.

These suits were consolidated and tried before a jury, resulting in a verdict for the defendant in each case. Judgments for the defendants were entered on July 25, 1940. Motions for a new trial on the ground of newly discovered evidence were filed by plaintiffs on August 3 and within ten days after entry of judgment. These motions were overruled by orders entered on August 16. No notice of appeal has been filed in either case. On November 15 plaintiff brought to the clerk's office a second motion for a new trial accompanied by affidavits purporting to contain after-discovered evidence. Since no leave of court had been obtained to file them as provided in Rule 59 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the clerk "lodged" these papers in his office. These motions are resisted on the ground (1) that they are made too late, and (2) that they are without merit.

Under Rule 59 (b) "a motion for a new trial shall be served not later than 10 days after entry of judgment, except that a motion for a new trial on the ground of newly discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence".

■ Plaintiff had three months after July 25, the date judgment was entered, within which to appeal. But within the time fixed by the Rules, namely, within 10 days after the entry of judgment, plaintiff served notice of motion for new trial. This unquestionably suspended the running of the time for taking appeal, and that time began to run anew when such motion was denied on August 16. Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S. Ct. 4, 37 L.Ed. 986; Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518; Frank Tennyson Neely v. Merchants Trust Company of Red Bank, New Jersey et al., 3 Cir., 110 F.2d 525; 3 Moore's Federal Practice p. 3251. This would mean that the time for appeal expired on November 16.

■ Rule 59 (b) requires a motion for a new trial to be served not later than ten days after entry of judgment. The one exception is a motion for a new trial on the ground of newly-discovered evidence, which may be made at any time before the expiration of the time for appeal. After the expiration of ten days from entry of judgment a motion for a new trial can only be made with leave of court obtained on notice and hearing and on a showing of due diligence. The purpose of this requirement was to prevent dilatory use of the motion for new trial on the ground of newly-discovered evidence to increase the time for filing appeal. Under the rule a motion for a new trial can only be made as a matter of right within ten days from entry of judgment. After that no motion for a new trial can be made except upon leave of court after hearing and upon showing due diligence. Such leave of court must be actually secured within the time for appeal. Only then has the motion been seasonably made. Only then will it stop the appeal time from running. Morse v. United States, supra; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140. In this case leave of court to file such motion was not asked, no notice of hearing given, and, of course, no hearing thereon and no

showing of due diligence. Nothing was done which would stop the running of the time for appeal. After November 16, this court was without any jurisdiction to grant leave to file the motion, and without such leave, the motion could not be filed.

This makes it unnecessary to go into the merits of the second motion for a new trial. It might be said, however, that the second motion is based upon evidence of the same type and character assigned in the first motion for new trial. The new evidence is cumulative and, if received, would only tend to impeach the testimony of some defense witnesses at the trial. It is also noted that the motion does not show why the new evidence was not available to the plaintiff at and before the time of trial. This is especially significant since the purported new evidence all comes from neighbors or relatives of plaintiff.

Leave to file such motion is denied.