## In re BOWMAN.

### BOWMAN v. LOPERENA et al.
### No. 8796.

Circuit Court of Appeals, Ninth Circuit.
March 28, 1941.

J. Earl Haskins, of Los Angeles, Cal., for appellant.

Noon & Noon and Sloane & Steiner, all of San Diego, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The appeal in this case arises out of proceedings initiated by appellant's petition in the district court for an extension under § 74 of the Bankruptcy Act as amended.[1] Appellant's petition was denied by the referee but was thereafter re-referred to the referee by the district court. On August 19, 1936, the referee filed his certificate with the court in which he concluded: "I therefore recommend that the proposal or proposals of the debtor for an extension under § 74 of the Bankruptcy Act be not confirmed, and that the debtor be adjudicated a bankrupt."

The district court on August 21, 1936, made an order reciting the referee's recom-

[1] Act of March 3, 1933, c. 204 § 1, 47 Stat. 1467, Act of June 7, 1934, c. 424, § 2, 48 Stat. 922, 923, 11 U.S.C. (1934) § 202, 11 U.S.C.A. § 202.

mendation and adjudicating appellant a bankrupt. The case was then referred again to the referee for further proceedings in bankruptcy. Appellant on September 10, 1936, petitioned for a rehearing and later moved to vacate the order of adjudication and to have the proceeding dismissed without prejudice. Upon these motions the district court on October 16, 1936, ordered the cause again re-referred to the referee with directions to hear and consider the petition for extension and any supplemental petition, and to make an order thereon. In addition, all proceedings, particularly those under the order of adjudication of August 21, 1936, were stayed until the further order of the court.

Upon the re-reference to the referee, the referee by a formal order of June 14, 1937, denied appellant's petition for extension and confirmation of his proposal. The district court by order of October 25, 1937, confirmed this action and vacated the stay of the proceedings previously granted, ordering the referee to proceed to perform his duties under the adjudication and order of reference of August 21, 1936.

The district court on November 15, 1937, finding that a petition for rehearing had been "seasonably presented" and "entertained" granted permission to appellant to file the same. By order of February 17, 1938, the district court denied "the petition for review." 24 F.Supp. 381.

Appellant, considering himself "aggrieved by that certain order rendered October 15, 1937 (and entered October 25, 1937), and the subsequent order denying petition for rehearing from the above order, dated February 17, 1938, and * * * by the denial of his petition and/or supplementary petitions for relief under Section 74 of the Bankruptcy Act," appealed from "such order or orders, judgment or judgments, and particularly from the order of adjudication made and entered August 21, 1936, and the order denying petitioner's claim to a $1,000.00 credit." The dismissal of the appeal by this court on the ground that it was not timely taken (110 F.2d 348) was reversed by the Supreme Court and the cause remanded for further proceedings. 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. ——.

Appellant attacks the order of adjudication of bankruptcy of August 21, 1936, on the ground that the conditions prerequisite for such an adjudication did not exist. Section 74 of the Bankruptcy Act, 11 U.S.C.A. 202, sub. *l*, then provided: "If (1) the debtor shall fail to comply with any of the terms required of him for the protection of and indemnity against loss by the estate; or (2) the debtor has failed to make the required deposit in case of a composition; or (3) the debtor's proposal has not been accepted by the creditors; or (4) confirmation has been denied; or (5) without sufficient reason the debtor defaults in any payment required to be made under the terms of an extension proposal when the court has retained jurisdiction of the debtor or his property, the court may appoint the trustee nominated by the creditors at the first meeting, and if the creditors shall have failed to so nominate, may appoint any other qualified person as trustee to liquidate the estate. *The court shall in addition adjudge the debtor a bankrupt if satisfied that he commenced or prolonged the proceeding for the purpose of delaying creditors and avoiding an adjudication in bankruptcy, or if the confirmation of his proposal has been denied. * * *"* (Emphasis supplied).

The present proceeding comes within clause (3) of the above section—the debtor's proposal was not accepted by the creditors. In this situation the court could appoint a trustee to liquidate the estate. The additional step, however, of adjudging the debtor a bankrupt is conditioned upon (1) the court being "satisfied that he commenced or prolonged the proceeding for the purpose of delaying creditors and avoiding an adjudication in bankruptcy" or (2) the confirmation of the debtor's proposal being denied. Neither of these conditions was found to have existed prior to the order of adjudication of August 21, 1936, which is in question here. No order denying confirmation of the appellant's proposal had been made and it nowhere appears that the court was satisfied that the proceedings were commenced or prolonged for the purpose of delay and avoiding an adjudication in bankruptcy. The order of adjudication was entered solely on the recommendation of the referee that the debtor's proposal be not confirmed and that the debtor be adjudicated a bankrupt. There is no warrant for such action under the statute.

After this order of August 21, 1936, however, the cause was re-referred to the referee and the referee's order of June 14, 1937, formally denying the petition for extension was entered. By the order of October 25, 1937, the district court confirmed the denial of the petition and directed that

744

the stay of the proceedings under the earlier adjudication in bankruptcy, which had been granted upon the re-reference of the cause to the referee, be set aside. This order, although entered after an order denying appellant's petition for an extension, did not cure the defect which existed because of the absence of such an order prior to the earlier order of adjudication. The order did not purport to be made nunc pro tunc and could not supply the condition absent when the original order was made. The court erred in adjudicating appellant a bankrupt.

Appellant also assigns as error the referee's refusal to allow appellant a claimed credit of $1,000 on the debt owed appellees when computing appellant's obligation for the purpose of ruling on the feasibility and equitableness of the extension proposal submitted by appellant. This question was one for the referee's decision in the first instance and in view of the evidence the decision of the referee, confirmed by the district court, should not be disturbed. Appellant's testimony that the credit is owing him is contradicted by his own schedules where he stated that he owed the sum claimed by appellees. The referee could well have believed that the debtor was not telling the truth on the stand and that he did tell the truth when he filed his schedules. The referee's order refusing to allow the credit is affirmed.

The order of August 21, 1936, adjudicating the appellant a bankrupt is reversed, and the cause remanded for further proceedings.