## UNITED DISTILLERS PRODUCTS CORPORATION v. BOWLES, Price Administrator.

### No. 202.

United States Emergency Court of Appeals.

Submitted March 5, 1945.

Decided March 26, 1945.

N. Tully Semel, President of United Distillers Products Corporation pro se.

Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Jacob D. Hyman, Chief, Court Review Price Branch, and Josephine H. Klein, Atty., all of the Office of Price Administration, all of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY, and LAWS, Judges.

MARIS, Chief Judge.

■ The complainant filed in this court on February 19, 1945, a paper which it entitled "Appeal from order denying request for reconsideration, O.P.A. Docket No. 1028-5-P dated January 19, 1945, denying protest on alcohol price order #36 MPR-28. 2nd Qtr. 1944". While the complainant has wholly disregarded Rule 11[1] of this court with regard to the form and contents of a complaint we assume that its paper is intended to be a complaint filed under Section 204(a) of the Emergency Price Control Act[2] and we shall so regard it. The respondent has filed a motion to dismiss this complaint upon the ground that the court is without jurisdiction to entertain it. The complainant has filed an answer and objections to the motion. The protest referred to in the complaint was denied by the Price Administrator on November 9, 1944. On December 5, 1944 the complainant filed a request for reconsideration of its protest. This request was denied on January 19, 1945.

---

[1] 50 U.S.C.A.Appendix following section 924.

[2] 50 U.S.C.A.Appendix § 924(a).

Section 204(a) of the Act provides that "Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals * * *, specifying his objections and praying that the regulation, order, or price schedule protested be enjoined or set aside in whole or in part." It will be seen that the Act provides that a complaint must be directed toward setting aside a protested regulation or order. There is no authority conferred upon this court by the Act to review and set aside an order of the Administrator denying reconsideration of a protest. Moreover since such an order is wholly discretionary it is unreviewable for that reason alone. Interstate Commerce Commission v. Jersey City, 1944, 322 U.S. 503, 514, 515, 64 S.Ct. 1129, 88 L.Ed. 1420. This court is accordingly without power to entertain the complaint against the order denying the request for reconsideration of the protest.

Nor would this court have power to entertain the complaint if it could be treated as directed to the protested order itself. For it will be observed that the statute requires a complaint to be filed within 30 days after the denial of the protest, whereas this complaint was filed 102 days after that event.

It may be suggested that the filing by the complainant of its request for reconsideration 26 days after the denial of the protest operated to toll the statutory limitation of time for filing the complaint. It has long been the law that if a petition for rehearing or reconsideration is filed within the time limited by statute or rule the time allowed for appeal does not begin to run until the petition is disposed of. Morse v. United States, 1926, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518. Neither the Emergency Price Control Act nor Revised Procedural Regulation No. 1 [3] contains any general authorization for filing a petition for reconsideration of the denial of a protest. The Revised Procedural Regulation does contemplate that the Administrator in the order denying a protest may grant special leave to the protestant to file a petition for reconsideration within a specified period.[4] In the present case, however, the Administrator did not grant such special leave in the order denying the protest or in any other way. It follows that the filing of the complainant's request for reconsideration did not toll the statutory limitation of time for filing the complaint unless the Administrator's subsequent action in denying the request had that effect.

The action which the Administrator took was to deny the request upon his determination that it presented no meritorious grounds for reconsidering the protest. This action was taken on January 19, 1945, 31 days after the statutory period for filing the complaint had expired. The Administrator might have denied the request upon the ground that the complainant was not authorized to file it. This he did not do, however, but on the contrary he entertained the request and denied it upon its merits. If the Administrator had done this within the period limited by the Act for filing the complaint his action might well have operated to toll that limitation. However, since his action was not taken until after the complainant's right to file a complaint had been barred by virtue of the statutory limitation, that right was gone and the action of the Administrator in subsequently entertaining the complainant's request for reconsideration could not revive it. Compare Denholm & McKay Co. v. Commissioner of Internal Revenue, 1 Cir., 1942, 132 F.2d 243.

An order will be entered dismissing the complaint.

---

[3] 9 F.R. 10476.

[4] "Sec. 53. *Petitions for reconsideration.* An order denying a protest may include leave to file a petition for reconsideration within a specified period. If the order of denial does include leave to file a petition for reconsideration, the filing of such a petition within the time provided shall automatically vacate the order of denial and reopen the protest proceeding." 9 F.R. 10482.