## UNITED STATES v. KNIGHT.

### No. 9418.

Circuit Court of Appeals, Third Circuit.

Argued June 16, 1947.

Decided June 27, 1947.

J. Julius Levy, of Scranton, Pa. (Robert T. McCracken, of Philadelphia, Pa., on the brief), for appellant.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is a motion by the United States to dismiss an appeal taken by the defendant in a criminal case. The facts necessary to dispose of the motion can be succinctly stated. Defendant was found guilty on November 10, 1945, by a jury of violating the Bankruptcy Act by aiding and abetting the embezzlement by the trustee of a certain sum of money of the debtor. Within the period of five days prescribed by Criminal Procedure Rules 33 and 34, 18 U.S.C.A. following section 687, motions for a new trial and in arrest of judgment were filed. These motions were denied on May 5, 1947. On May 14, 1947, a notice of appeal was filed. The notice pointed out that "No sentence has been passed on defendant". On June 6, 1947, the motion to dismiss the appeal was filed. It is based on the ground that the appeal is premature in that no final judgment has yet been entered by the district court.

Criminal Procedure Rule 37 (a) sets forth the method and time of taking an appeal.[1] But the rule does not attempt to determine the type of decision from

---

[1] "Rule 37. Taking Appeal; and Petition for Writ of Certiorari

"(a) Taking Appeal.

"(1) Notice of Appeal. An appeal permitted by law from a district court to the Supreme Court or to a circuit

which an appeal will lie. It specifically leaves that to existing law, since it provides: "An appeal *permitted by law* from a district court * * * is taken by filing with the clerk of the district a notice of appeal in duplicate". [Emphasis supplied.] In so framing the rule the Supreme Court was merely following the mandate of the enabling act which provides: "The right of appeal shall continue in those cases ·in which appeals· are now authorized by law, but the rules made as herein authorized may prescribe the times for and manner of taking appeals * * *."[2]

It follows that it is still the law that appeals in criminal cases may be taken only from "final decisions" of the district courts as provided by Section 128 of the Judicial ·Code.[3]

 It is settled that a decision in a criminal case is only final for the purpose of appeal, within the meaning of Section 128 of the Judicial Code, when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. Berman v. United States, 1937, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. An order denying a motion for a new trial entered, as here, before the imposition of sentence clearly does not meet the statutory test. The same is true of an order denying a motion in arrest of judgment where, as here, the order is entered before the entry of judgment. Accordingly the appeal must be dismissed as premature.

The defendant points to the fact that Criminal Procedure Rule 37 (a) expressly contemplates that appeals will be taken from orders as well as judgments. The judgments to which the rule refers must,

he thinks, be judgments of conviction involving the imposition of sentence. It follows, he says, that the orders referred to in the rule must be orders denying motions for a new trial or in arrest of judgment. He urges that under the view which the court takes we deny all meaning to the word "order" as used in the rule. We cannot agree. It is true that normally the judgment of conviction which imposes sentence is the decision appealed from in a criminal case. But there are other decisions which may be made in a criminal case which also have appealable finality. Thus upon a verdict or finding of guilt the district court may enter an order suspending the imposition of sentence and placing the defendant upon probation.[4] Such an order has been held to be appealable. Korematsu v. United States, 1943, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497. Also the district court may, after judgment of conviction and imposition of sentence, suspend the execution of sentence and place the defendant on probation. A subsequent order revoking probation and directing the execution of sentence would likewise appear to have appealable finality. It is to appealable orders of this sort that Rule 37 (a) refers.

The defendant also calls attention to the provisions of paragraph (2) of Rule 37 (a) that if a motion for a new trial or in arrest of judgment has been made within 10 days after entry of judgment an appeal may be taken within 10 days after entry of the order denying the motion. This, he says, indicates that an appeal may be taken from the order denying the motion. We think he wholly misconceives the purpose of the provision. For it is an appeal from the "judgment of conviction", not from the order denying the motion, which under the

court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. * * * The notice of appeal shall set forth the title of the case, the name and address of the appellant and of appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody and a statement that the appellant appeals from the judgment or order. * * *

"(2) Time for Taking Appeal. An ap-

peal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. * * *"

[2] Act of February 24, 1933, c. 119, § 2, 47 Stat. 904, 18 U.S.C.A. § 688.

[3] 28 U.S.C.A. § 225.

[4] Act of March 4, 1925, c. 521, § 1, 43 Stat. 1259, 18 U.S.C.A. § 724.

rule may be taken within the extended period. Paragraph (2) of Rule 37 (a) deals solely with the time within which an appeal in a criminal case may be taken. The normal limitation is 10 days after judgment. If, however, within that time a motion for a new trial or in arrest of judgment is made the provision to which the defendant refers tolls the running of the 10 days period and starts it anew after the motion has been denied. This is not a change, however, but merely gives expression to the settled law. See Morse v. United States, 1926, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518, and cases there cited.

The appeal will be dismissed without prejudice.