**ATLANTIC FISHERMEN'S UNION, etc., et al. v. UNITED STATES.**

**No. 4657.**

United States Court of Appeals First Circuit.

June 18, 1952.

Henry Wise, Boston, Mass., for appellants.

Gerald J. McCarthy, Special Asst. to the Atty. Gen., and William J. Elkins and Alfred M. Agress, Special Attys., Department of Justice, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appellants are under indictment in the court below for violations of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. They moved for dismissal of the indictment on the ground that the district court was without jurisdiction of the subject matter, in that the matters alleged are within the exclusive jurisdiction of the National Labor Relations Board under the Labor Management Relations Act, 1947, as amended, 29 U.S.C.A. § 151 et seq., which to that extent has superseded the Sherman Act. It was also claimed that the subject matter of the indictment is within the exclusive jurisdiction of the Secretary of the Interior under the Fisheries Co-operative Marketing Act, 15 U.S.C.A. §§ 521, 522, which to that extent has superseded the Sherman Act. The district court entered an order denying the motion to dismiss. From this order an appeal was taken. We dismissed the appeal for lack of jurisdiction by order entered June 4, 1952, on the ground that the order appealed from was merely an interlocutory order in the course of a criminal proceeding, whereas this court has jurisdiction of appeals in criminal cases, under 28 U.S.C. § 1291, only from "final decisions" of the district courts. In support of our order dismissing the appeal we cited Heike v. United States, 1910, 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821; Catlin v. United States, 1945, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911; Dowling Bros. Distilling Co. v. United States, 6 Cir., 1946, 153 F.2d 353, certiorari denied Gould v. U. S., 1946, 328 U.S. 848, 66 S.Ct. 1120, 90 L.Ed. 1622; United States v. Knight, 3 Cir., 1947, 162 F.2d 809.

Appellants now move for an order staying mandate pending an application for a writ of certiorari, and also make application to us for an order directed to the dis-

trict court, ordering that all proceedings in said court under the indictment be stayed for a reasonable time, and until further order of this court or the order of the Supreme Court of the United States, to enable the parties aggrieved to obtain a writ of certiorari from the Supreme Court of the United States.

The order of the district court denying the motion to dismiss the indictment was obviously not a "final decision" within the meaning of 28 U.S.C. § 1291 and the attempted appeal therefrom was, we think, obviously frivolous. We will not, therefore, take the responsibility of countenancing further delay in the trial of this criminal case. If any stay of the proceedings below is to be had, it must come from higher authority.

The application for stay of proceedings is denied. It is ordered that mandate herein issue forthwith.