UNITED STATES of America,
Appellee,

v.

CONSOLIDATED LAUNDRIES CORPO-
RATION et al., Appellants.

Docket 25533.

United States Court of Appeals
Second Circuit.

Argued May 5, 1959.

Decided May 18, 1959.

See, also, 159 F.Supp. 860.

Whitney North Seymour, of Simpson, Thacher & Bartlett, New York City (Halperin, Natanson, Shivitz, Scholer & Steingut; Cahill, Gordon, Reindel & Ohl; Paul, Weiss, Rifkind, Wharton & Garrison; Mervin C. Pollak; and Rosenman, Goldmark, Colin, & Kaye, New York City, on the brief), for appellants.

Richard B. O'Donnell, Chief, Antitrust Division, Dept. of Justice, New York City (Richard A. Solomon and Henry Geller, Attys., Antitrust Division, Dept. of Justice, Washington, D. C., and Morris F. Klein and John D. Swartz, Attys., Antitrust Division, Dept. of Justice, New York City, on the brief), for appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

The motion to dismiss this appeal must be granted, as an order merely adjusting the record is not a final judgment from which a separate appeal lies and the error, if any, can be easily corrected in the appeals proper. United States v. Knight, 3 Cir., 162 F.2d 809; Dempsey v. Guaranty Trust Co. of New York, 7 Cir., 131 F.2d 103, certiorari denied 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1139; Belt v. Holton, 90 U.S.App. D.C. 148, 197 F.2d 579. The cross-motion is granted to the extent that in the main appeals from the judgments of

conviction all documents submitted to the trial judge will be open and unsealed and transmitted to our clerk under our Rule 11(a), 28 U.S.C.A., except the pre-sentence recommendations and reports received by the judge after conviction; these latter may, however, be transmitted to us sealed if appellants desire to assign error involving them.

 In general it appears to be sound public policy to avoid secret judicial proceedings in the course of trial so far as possible; it will promote confidence merely to avoid the suspicions which always attend secrecy. The late Arthur T. Vanderbilt felt so strongly about this that he was instrumental in persuading the Advisory Committee on Rules of Criminal Procedure to recommend a rule forbidding *ex parte* trial briefs, which, however, the Supreme Court declined to accept, apparently fearing it a reflection on trial judges. Nothing daunted he carried his case to the Judicial Conference of the United States, which, upon report of its study committee, "disapproved the practice, prevalent in some districts, of trial judges in criminal cases receiving from the attorney on one side a brief or trial memorandum that has not been furnished to the attorney on the other side, and recommended the immediate discontinuance of such practice." Rep. of Jud. Conf. of Senior Circuit Judges, Oct. 1–4, 1946, page 21. In Vanderbilt's lively account of this episode in Cases and Materials on Modern Procedure and Judicial Administration 22 (1952) he says, "Another battle for the right to a fair trial had been won." Here we do not need to go as far as he would in limiting trial court discretion to say that, in any event after trial memoranda have served their initial function, there is no reason why they should not then become a part of the files of the case open to all parties for any action they think appropriate. On the other hand, pre-sentence reports received in confidence by the judge, after conviction has been had, to assist him in the difficult task of fixing the just punishment stand on a clearly different ba-sis. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; Friedman v. United States, 8 Cir., 200 F.2d 690, 697, certiorari denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357; Stephan v. United States, 6 Cir., 133 F.2d 87, 100, certiorari denied 318 U.S. 781, 63 S.Ct. 858, 87 L.Ed. 1148; Fed.R.Crim.P. 32, 18 U.S.C.A.

The motion to dismiss the appeal is granted. The cross-motion is granted in part and to the extent herein indicated.