ENCARNACIÓN LUENGO WIDOW OF FERNÁNDEZ ET AL., Plaintiffs and Appellees, v. VALENTÍN FERNÁNDEZ, Defendant and Appellant.

No. 12419.   Decided October 3, 1961.

614

*Luis E. Dubón* for appellees.   *E. Martínez Rivera* and *Edelmiro Martínez, Jr.,* for appellant.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, and Mr. Justice Serrano Geyls and Mr. Justice Rigau.

MR. JUSTICE SERRANO GEYLS delivered the opinion of the Court.

In this action of debt, the Superior Court rendered judgment in favor of the plaintiffs.   Defendant appeals before us and assigns seven errors.   He has no ground for his assignments.   We shall see:

■ 1. He maintains there was error in dismissing a motion for nonsuit filed by him.   Defendant offered evidence after said motion had been dismissed and, therefore, we understand that he waived the motion and cannot raise the question on appeal.   Rule 41(*b*) of Civil Procedure, 1943 (32 L.P.R.A., App. p. 632) is applicable to this case; *Castro v. Payco, Inc.,* 75 P.R.R. 59, 63–64 (1953).

■ 2. The next four assignments concern the admission of evidence. The first challenges the admission of a book in which the deceased José Fernández Rodríguez made entries concerning the money owed him by the defendant, alleging a violation of § 455 of the Code of Civil Procedure (32 L.P.R.A. § 1837) ; the second challenges the admission of the testimony of Josefa Fernández Luengo, one of the plaintiff heirs, on the ground that her testimony was admitted in violation of § 3 of the Act to Define who are Competent Witnesses (32 L.P.R.A. § 1738) ; the third, objects to the admission of the testimony of José García Morán, because he made reference to the above-mentioned book and because it was a "self-serving" statement; and finally, he objects to the admission of the testimony of José Español because he, also, referred to the book. Even supposing that appellant was correct in his assignments, the judgment rendered will not be reversed. This is so because the evidence challenged was directed to show that José Fernández Rodríguez made a loan of $2,000 to defendant in July 1948, a fact that the latter had denied in his answer to the complaint and upon extrajudicial demands. Later, however, upon testifying for his own benefit, defendant expressly and repeatedly admitted the existence of the loan although he asserted he had paid it. Consequently the conclusion of the judge on the existence of the loan is sustained by the admission of defendant himself and it is unnecessary, then, to consider the problems concerning the admission of the evidence described.

■■ 3. Appellant also maintains that there was error in not declaring the action barred. He states that the loan should be considered commercial because the contracting parties were merchants (Code of Commerce § 229, 10 L.P.R.A. § 1651) and being thus it prescribed three years after its expiration. However said section provides that "A loan shall be considered commercial when the following conditions are present: 1. That one of the contracting parties

is a merchant. 2. When the articles loaned are destined to commercial transactions." In *Franceschi* v. *Rivera*, 44 P.R.R. 640, 641 (1933) we decided that to determine the commercial nature of a loan the two circumstances mentioned in said section and not just one of them must be present. There is no evidence in the record that defendant destined the loan to "commercial transactions." Consequently, even when defendant was correct in the other parts of his assignment, a question which it is unnecessary to determine, the loan should not be considered commercial but personal, the action prescribed after fifteen years and had not prescribed at the time it was filed. *Blondet* v. *Garáu*, 47 P.R.R. 820, 823 (1935); *Barceló & Co., S. en C.* v. *Olmo*, 48 P.R.R. 239, 242 (1935).

■ 4. The next assignment challenges the weighing of the evidence made by the trial judge. It is based on the erroneous admission of evidence and the dismissal of the motion for nonsuit we have already discussed, and on the fact that the trial judge did not give credit to defendant when the latter asserted he had paid the loan to José Fernández Rodríguez. We have carefully examined the evidence and we believe that the judge was wholly justified in not giving credit to defendant's testimony on this matter. His attitude in denying the existence of the loan in order to admit it later and then allege he had paid it, in addition to his hesitancy and contradictions when explaining the manner and date of the payment, necessarily had to discredit his testimony. There is no reason whatsoever for disturbing the trial court's decision.

■ 5. Finally, defendant complains that the trial court passed no ruling as to his motion "requesting reopening of the case for presentation of new evidence". The judgment was rendered on February 8, 1957 and the notice was filed on the following 19th, defendant filed a petition for reconsideration on the 21st and a hearing was held in March 8.

On that same day he filed a motion for reopening. On May 8 the court "denied" the motion for reconsideration and on the following 14th defendant submitted his notice on appeal and thus deprived the court of jurisdiction over the action.

■ In the first place, the allegation that the court should have passed judgment on said petition within a term of five days, is erroneous. That term applied to the motions for reconsideration under the authority of § 292 of the Code of Civil Procedure then in effect (32 L.P.R.A. § 1251) and not to the motions for a new trial like the one filed by defendant.[1] These were governed by Rule 59 of the afore-cited Rules of Civil Procedure and had other terms and requisites. We so decided in *Gual* v. *District Court*, 71 P.R.R. 283, 284–285 (1950).

■■ In the second place, the Rule 59 referred to, provided that the motion for new trial shall be served to the opposing party "not later than ten days after the entry of the judgment, except that a motion for a new trial on the ground of newly discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence". 32 L.P.R.A., App. p. 652. Those terms were taken literally from Federal Rule 59(b).[2] Moore explains its purposes thus: "Since, therefore, the ordinary motion for a new trial must be made not later than ten days after the entry of judgment, its possible dilatory use is extremely limited. The motion for a new trial on the basis of newly discovered evidence made *after* the ten day period presents greater possibilities for

---

[1] Although defendant did not give his petition the title of motion for new trial, obviously it was nothing else, since it requested the reopening of the action to present new oral and documentary evidence.

[2] Said Rule and our corresponding one have suffered drastic changes. See 6 Moore, Federal Practice 3705–3706 (2d ed.); 10 Cyclopedia of Federal Procedure 103 (1952); Rules 48 and 49 of Civil Procedure, 1958, 32 L.P.R.A., Supp. 1960, pp. 152–155.

dilatory use, however, since it can be duly and seasonably made within appeal time. To prevent a party from possibly doubling appeal time by this device the Committee inserted in the exception to subdivision (b), the requirement that such motion be filed 'with leave of court obtained on notice and hearing and on a showing of due diligence.' In other words, a motion for new trial, *no matter what the basis*, made not later than ten days after the entry of judgment, can be served and filed as of right and automatically stays the running of appeal time. But the motion for a new trial on the ground of newly discovered evidence made *after* the ten day period and within appeal time cannot be served and filed as of right; it can only be made by leave of court after notice and hearing." 3 Moore, Federal Practice 3251–3252 (1938). (Author's emphasis.)

█ As we have already seen, in the case at bar the motion for new trial was filed some seventeen days after the entry of the judgment, without the record showing that leave of the court had been obtained "on notice and hearing and on a, showing of due diligence." Therefore, for all legal purposes, that motion was not filed.

Furthermore, as well pointed out by defendants in their able argument when on May 8, the court "denied" the motion for reconsideration after a hearing, that judgment having been notified on that same date to the parties, defendant had a period of thirty days to file his notice of appeal. *Marcano* v. *Marcano*, 60 P.R.R. 344, 345 (1942); *Pérez* v. *Fernández*, 72 P.R.R. 247, 251–252 (1951). During that time he could have requested the leave of court required by Rule 59(b). Nevertheless, he preferred to make use of his right to appeal and did it six days after the motion for reconsideration had been decided. Once the time for appeal had expired, the trial court lost its jurisdiction to decide a motion for new trial. *Chicago & W.I.R. Co.* v. *Chicago & E.R. Co.*, 140 F.2d 130, 131 (Cir. 7, 1944), *cert. denied*, 322 U.S.

747 (1944); *Abruzzino* v. *National Union Fire Insurance Co.*, 35 F. Supp. 925, 926 (D.C. W.Va. 1940); 10 Cyclopedia of Federal Procedure 105. Appellant can not complain now of the consequence of his own act.

The judgment appealed from will be affirmed.

